STATE EX REL. ROBERT J. KOALSKA v. DOUGLAS C. RIGG.

76 N. W. (2d) 504.

April 13, 1956—No. 36,801.

*Robert J. Koalska,* pro se.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, and *Robert J. Stenzel,* Special Assistant Attorney General, for respondent.

MATSON, JUSTICE.

Respondent moves to dismiss relator's appeal from an order of the District Court for Washington County discharging a writ of habeas corpus on the ground that relator has been placed on parole and is not in the custody of the respondent.

On January 16, 1956, while this appeal was pending, relator was actually released on parole pursuant to a parole order—and an attached agreement executed by him—dated October 13, 1955. Pursuant to such order relator was given, and by his agreement he accepted, his liberty subject to the supervision of the parole authorities. Relator will remain on parole until the expiration of his sentence unless such parole is rescinded for violation of the parole conditions or unless the state Board of Parole discharges relator at an earlier date.

It is the general rule that a person placed on parole is not considered as being restrained of his liberty to such a degree as to be

entitled to the benefit of a writ of habeas corpus.[1] Relator is no longer in the custody or control of respondent, the warden of the penitentiary. Since relator's conditional release, respondent has had no custody of him, could not produce his body to answer the judgment of the court, and can exercise no control over him. In Van Meter v. Sanford (5 Cir.) 99 F. (2d) 511, the court said:

"* * * A prisoner out on parole probably cannot maintain habeas corpus against anyone. No one has his body in custody, or could lawfully arrest him by virtue of his parole status so long as he observes its conditions. A mere moral restraint will not support habeas corpus."

Relator's appeal is dismissed since he is no longer in prison or in the custody of the respondent.

Appeal dismissed.

---

[1]Van Meter v. Sanford (5 Cir.) 99 F. (2d) 511; Ex parte Herrera (Cal. App.) 137 P. (2d) 82; Ex parte Davis, 11 Okl. Cr. 403, 146 P. 1085; Ex parte Kirk, 16 Okl. Cr. 722, 185 P. 706; Ex parte Cindle, 71 Okl. Cr. 135, 109 P. (2d) 519; In re Whisenhunt, 75 Okl. Cr. 313, 131 P. (2d) 134; Ex parte Dumas, 137 Tex. Cr. 524, 132 S. W. (2d) 883; see, Annotation, 148 A. L. R. 1243.