## STATE v. ROY G. SOWARD.

80 N. W. (2d) 449.

January 18, 1957—No. 37,035.

*Roy G. Soward,* pro se, for relator.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, and *George M. Scott,* County Attorney, for the State.

FRANK T. GALLAGHER, JUDGE.

It appears from the files in this court that the defendant in this case has been sentenced to prison under the Habitual Criminal Act until discharged by due course of law or competent authority. The exhibits indicate that defendant was arrested in 1921 and placed in a reformatory, having been convicted of the crime of grand larceny. In 1933 he was convicted in North Dakota of the crime of indecent liberties, and in 1948 he was convicted in Minnesota of the crime of indecent assault.

No record has been filed in this case and the following facts appear from the brief of the defendant, prepared by him, in support of his petition for a writ of error.[1] He claims that shortly prior to the offense we are concerned with on this appeal he had been acquitted in a case tried in district court in Hennepin County on a morals charge. After that case was over the defendant claims that

[1]Although represented by an attorney at the trial, the name of no attorney appears on defendant's pro se brief.

the trial judge stated that, if he ever came before him again, he would "throw the book" at him.

In connection with the case at bar, defendant claims in his brief that his car was stalled in the city of Minneapolis; that he left it to make a telephone call; and that when he returned to his car there was a dog in the back seat. While attempting to eject the dog he said that he was arrested and taken to the city jail. He further claims that at the city jail certain police officers attempted to get him to plead guilty to an offense concerning some immoral act with the dog. However, he was not tried on that charge but was tried on the charge of bribery in the District Court for Hennepin County. According to his brief he claims that two police officers testified that he had counted out $100 in front of them and asked the officers to release him from jail for that amount. He further claims that the record will show that upon his arrest his personal property was taken from him and that at the time of the alleged bribe he had no more than $53. He was tried before the same district judge before whom he had been acquitted on the morals charge and claims that at the conclusion of the trial, and apparently after the verdict was rendered, the judge made a statement to the jury that he was sorry that the facts had to be brought out so plainly but the defendant was a man they wanted to get.

The defendant is now in this court on a writ of error. While it is difficult to draw a coherent conclusion with respect to the defendant's claim, it would seem that the gist of his brief is that there has been a violation of due process because the verdict is not substantiated by the evidence. The defendant has filed the required briefs but no record is on file with this court. The attorney general is now moving to vacate the writ of error on the grounds that the record before us shows no error on its face. Of course that is true inasmuch as there is no printed record to review. It is therefore our opinion that under the circumstances here we have no alternative but to grant the motion to vacate. Without a printed record to review it would obviously be impossible for us to decide whether the verdict was sustained by the evidence. As a practical matter, however, it

would seem that even if the record were here the testimony of the two police officers with respect to the bribery would substantiate the verdict.

According to defendant's brief he was represented in this case by an attorney of his own choosing and not the public defender. We find nothing in the files that would indicate that his attorney made any attempt to have the bribery charge tried before some other judge than the one referred to in the brief.

Motion to vacate granted.