STATE EX REL. ROY G. SOWARD v. COUNTY OF HENNEPIN.

90 N. W. (2d) 307.

May 9, 1958—No. 37,441.

[12]Schroht v. Voll, 245 Minn. 114, 71 N. W. (2d) 843.

*Roy G. Soward,* pro se, for appellant.

*Miles Lord,* Attorney General, *Charles Houston,* Solicitor General, *George M. Scott,* County Attorney, and *Henry H. Feikema* and *Per M. Larson,* Assistant County Attorneys, for respondent.

PER CURIAM.

This is an appeal from an order of the district court denying appellant's petition for a writ of error coram nobis.[1]

An examination of the record satisfies us that there are no facts alleged in the petition which would require the court to make an order directing the issuance of such a writ. By way of a brief review, this case was before us in January 1957 on a writ of error to review defendant's conviction in district court for bribery of a public official. State v. Soward, 248 Minn. 516, 80 N. W. (2d) 449. The state moved to vacate the writ of error in that case, which motion was granted. It appears from the files in that case that defendant had been sentenced to prison under the Habitual Criminal Act until discharged by due process of law or competent authority. Exhibits indicated that he was arrested in 1921 and placed in a reformatory, having been convicted of the crime of grand larceny. In 1933 he was convicted in North Dakota of the crime of indecent liberties and in 1948 was convicted in Minnesota of the crime of indecent assault. The record discloses that appellant was arrested on January 12, 1956. Upon information, wherein he was charged with having committed the crime of bribery of a public officer, he was tried before the District Court of Hennepin County and found guilty by a jury on March 6, 1956. He was represented by an attorney of his own choosing. The state moved to vacate the writ of error on the grounds that the record showed no error on its face. This court agreed that inasmuch as there was no printed record

---

[1] See State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282, in connection with the effect of a writ of error coram nobis.

to review the court had no alternative but to grant the motion to vacate, which was done.

Essentially the same questions are now being raised as were raised by appellant in the previous proceedings. This would ordinarily bar further review of those same questions. However, in this proceeding we have been supplied with a partial transcript. This court is not inclined to deny a person convicted of a felony relief due to a misnomer in the method of proceeding. State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282. We have therefore reviewed the record for the purpose of passing on the merits of the issues raised. They are: (1) That he did not have a fair trial by jury; (2) that he was entitled to effective and adequate representation by counsel; (3) that he was entitled to have witnesses subpoenaed in his defense; and (4) that he was entitled to a preliminary examination forthwith upon arrest.

It is our opinion, after careful examination of the transcript, that appellant did have a fair trial. M. S. A. 613.04, so far as pertinent here, provides:

"Every person who * * * gives, offers or causes to be given or offered, a bribe, or any consideration, or any money, property or value of any kind, or any promise or agreement therefor, to a person executing any of the functions of a public officer, other than those hereinbefore specified, with intent to influence him in respect to any act, decision, vote, or other proceeding, in the exercise of his powers or functions, shall be punished * * *."

There is testimony in the record that defendant was arrested by two police officers. They each testified that defendant was in their police car and that as they pulled up and parked in front of the Minneapolis court house the defendant offered them first $50 and then $100 if they would let him go. They further testified that the offer was made in a normal manner. It is clear, therefore, there is sufficient evidence from which the jury could find the appellant guilty.

We have also reviewed the court's charge to the jury and find that it fully and fairly covered the charge of bribery, credibility of witnesses, weight of testimony and the state's burden of proof.

.

In view of this we hold that appellant was given a fair trial.

We do not dispute the appellant's contention that he was entitled to effective and adequate representation by counsel. The record shows that he was represented by an attorney of his own choosing and not the public defender. See, State v. Soward, *supra.*

In connection with appellant's claim that he was entitled to have witnesses subpoenaed in his defense there is nothing in the record to show that witnesses were not subpoenaed in his behalf nor that any of his rights were denied in that respect.

With reference to appellant's claim that he was entitled to a preliminary hearing it appears from the record that he waived preliminary hearing in municipal court in the city of Minneapolis on January 14, 1956.

Affirmed.