# STATE EX REL. ROY G. SOWARD v. DOUGLAS C. RIGG.

97 N. W. (2d) 468.

June 26, 1959—No. 37,725.

*Roy G. Soward,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of Minnesota State Prison.

THOMAS GALLAGHER, JUSTICE.

Appeal by relator, Roy G. Soward, now in custody of respondent, Douglas C. Rigg, warden, Minnesota State Prison, from an order of the District Court of Washington County, denying his petition for a writ of habeas corpus to obtain his release from such custody. The petition for the writ sets forth that relator was illegally sentenced as a habitual criminal under M. S. A. 610.29 in that at the time of his sentence he had not admitted his conviction of the third of three prior convictions with which he was then charged, and that in consequence his sentence was invalid.

On October 10, 1958, the district court made its order denying the foregoing petition. In a memorandum attached thereto it set forth its reasons for its decision as follows:

"From a careful reading of the transcript of the proceedings (Exhibit B), it appears that upon the arraignment relator admitted the first and second prior convictions charged in the Information. As to the third prior conviction it is apparent that relator confused the fact of his conviction with his guilt of the crime upon which the conviction was had. It is also clear from the transcript that after some discussion with his counsel relator did admit the third prior conviction although he still maintained his innocence of the crime therein involved. Furthermore, it also appears that during the pre-sentence examination the relator again admitted all of the three prior convictions charged in the Information.

"Insofar as the allegations of the relator's petition raises questions of fact, they are all conclusively rebutted and contradicted by the copy of the proceedings submitted as Exhibit B. Furthermore, the crime for which relator was convicted carries a maximum penalty of ten years imprisonment. The Court sentenced petitioner under the indeterminate sentence law and did not fix a maximum term. He is not now entitled to a release even if it were assumed that the sentence imposed was invalid. His application is premature.

"See Shaw vs. Utecht 232 Minn. 89 and cases cited.

"State ex rel. Savage vs. Rigg 250 Minn. 370."

Relator was tried by a jury and convicted of the crime of bribery in the District Court of Hennepin County on March 8, 1956. Before sentence was imposed upon him, informations charging him with three prior convictions were filed and read to him by the clerk. At the time he was represented by counsel. He admitted the truth of the informations relative to the three prior convictions but denied his guilt as to the third conviction. The court then imposed sentence upon him as follows:

"It is consider and adjudged that you, Roy G. Soward, also known as Roy X. Gorman, as punishment for the crime of bribery of which you have been convicted in this cause and of three prior convictions to which you have pleaded guilty be confined at hard labor in the State Prison at Stillwater, Minnesota, until you shall have been thence discharged by due course of law or competent authority."

■ Relator has been before this court twice in connection with the sentence for which he is now in custody. In State v. Soward, 248 Minn. 516, 80 N. W. (2d) 449, we granted the state's motion to vacate his writ of error on the ground that no record had been filed therein. In State ex rel. Soward v. County of Hennepin, 252 Minn. 378, 90 N. W. (2d) 307, we held that he had been given a fair trial on the charge of bribery for which he is now imprisoned and affirmed the order of the district court denying his petition for a writ of error coram nobis.

■ In the present proceedings the conclusion cannot be escaped that relator's action is premature. Conviction for the crime of bribery provides a maximum penalty of imprisonment for a period of 10 years regardless of any prior convictions. § 613.04. Relator was given an indeterminate sentence on March 8, 1956, which operates as a sentence for the maximum term prescribed for the offense committed, i. e., 10 years. State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984. He has served slightly more than 3 years of such sentence. In the Petcoff case this court stated (138 Minn. 467, 163 N. W. 985):

"* * * an indeterminate sentence, imposed under a law authorizing

such sentences, is a sentence for the maximum term prescribed for the offense committed, coupled with a provision which permits but does not require an earlier release; that, as an earlier release cannot be demanded as of right, the sentence necessarily operates as a sentence for the maximum term."

In Shaw v. Utecht, 232 Minn. 82, 89, 43 N. W. (2d) 781, 786, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627, we said:

"* * * we need not pass upon the validity of any increased punishment because of the prior convictions, for the reasons that the statute in force at the time the robbery in the first degree was committed prescribed imprisonment for not less than five nor more than 40 years, and the trial court sentenced petitioner under the indeterminate sentence law and did not fix a maximum term. * * * Here, petitioner has served only about 13 years and 10 months of the sentence imposed under the indeterminate sentence law, which is far less than the maximum prescribed by § 619.42, including good-time credits, and irrespective of any increased punishment by reason of the two prior felony convictions referred to in the trial court's sentence. Under no view of the record now before us is petitioner entitled to release at this time. His petition is premature."

See, also, State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898; State ex rel. Richter v. Swenson, 241 Minn. 414, 63 N. W. (2d) 265, certiorari denied, 347 U. S. 979, 74 S. Ct. 792, 98 L. ed. 1117. It is clear from the foregoing that petitioner's present action is premature.

■ Aside from this, it also appears from the record that there is nothing to otherwise support relator's contentions. M. S. A. 610.31 provides that, if the accused denies that he has been convicted of prior felonies as charged in informations filed and read to him at the time of sentence, the court shall submit the truth of the accusations contained in the informations to a jury. It further provides that "if the accused acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the increased punishment * * *."

Here, the transcript of the trial discloses that after relator admitted two of the three prior felonies the information charging him with the third conviction was then read to him. The following proceedings relative thereto then took place:

"MR. PETERSON [relator's attorney]: Were you found guilty?

"MR. SOWARD: Found guilty by the judge, Your Honor.

"MR. PETERSON: Well, the plea will be guilty, Your Honor.

"THE CLERK: Is that your desire?

"MR. SOWARD: No.

"MR. PETERSON: Well then—

"MR. SOWARD: (continuing) I signed no papers. I wasn't guilty to that, Your Honor, because I wasn't guilty of that charge.

"MR. PETERSON: I am saying that they found you guilty at that time?

"MR. SOWARD: Yes, sir.

"MR. PETERSON: Tried and you were found guilty at that time, you still maintain your innocence but you were found guilty at that time?

"MR. SOWARD: Yes.

"THE COURT: What is the plea to the third charge * * * guilty or not guilty?

"MR. PETERSON: I advised my client to plead guilty, Your Honor, to the fact that he was found guilty at that time.

"THE COURT: Do you so plead?

"MR. SOWARD: No, sir, Your Honor, I can't do it.

"MR. PETERSON: Well, it isn't a matter of your guilt or not, did the court at that time find you guilty?

"MR. SOWARD: Yes, the court did.

* * * * *

"THE COURT: * * * were you so found guilty?

"MR. SOWARD: There was a finding of guilt, Your Honor."

It follows that relator was not entitled to a trial with reference to the truth or falsity of the information in so far as it related to his third conviction, and that, in passing sentence, the court was entitled to consider it.

▪ In regard to statutory requirements that an accused be duly

cautioned as to his rights prior to the time he acknowledges a former conviction, we said in State ex rel. Savage v. Rigg, 250 Minn. 370, 375, 84 N. W. (2d) 640, 645:

"An examination of the record in this case can lead to no other conclusion than that petitioner was well and adequately represented by competent counsel throughout the proceedings prior to imposition of sentence. * * * Under these circumstances, it must be presumed, in the absence of an affirmative showing to the contrary, that he was advised by his attorney of his rights to a jury trial of the issues presented by the information charging him with a conviction of former felonies if he desired to have such trial. * * * Where a defendant appears without counsel, it is incumbent upon the court to inform him of his rights under § 610.31. But, where he is adequately represented by competent counsel, failure to strictly follow the statutory requirement does not vitiate a sentence imposed after a plea of guilty."

Similarly, in the instant proceeding, relator was at all times represented by counsel, and it must be presumed that counsel informed relator of his rights under § 610.31.

The order of the trial court is affirmed.

Affirmed.