## STATE v. ROY G. SOWARD.

114 N. W. (2d) 276.

March 30, 1962—No. 38,479.

*Roy G. Soward,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *George M. Scott,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for respondent.

MURPHY, JUSTICE.

This matter is before us on appeal from an order of the District Court of Hennepin County denying the petition of the defendant, Roy G. Soward, for a "writ of error coram nobis and error of law."[1]

The defendant was arrested January 12, 1956. The following day a complaint was filed in municipal court of the city of Minneapolis

---

[1]The current application of the so-called writ of coram nobis is discussed in State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282.

charging him with bribery of public officers. On January 14, 1956, he waived preliminary hearing in municipal court. On January 16, 1956, he was arraigned before the District Court of Hennepin County on an information charging him with the offense of offering a bribe to police officers under Minn. St. 613.04. There is no claim that he was not properly arraigned on the indictment. He was represented by counsel of his own choice. The trial began on March 5, 1956, and on the following day the jury returned a verdict finding him guilty as charged in the information. Before sentence, the county attorney filed an information pursuant to § 610.31 (Habitual Criminal Act) charging him with three prior convictions. He entered a plea of guilty to this information. Thereafter he was sentenced to the State Prison, where he is now confined.

This case has been before us on two other occasions.[2] While our prior decisions were largely devoted to procedural questions, the facts are fairly stated in them and do not require repetition here.

The defendant suggests numerous grounds upon which he claims he is now deprived of his liberty by denial of due process and that various prejudicial errors occurred in his prosecution. Although, as we have noted, he was represented by counsel, no objections based on the asserted errors have been preserved in the record. We have carefully considered the points raised by him in light of a transcript of the testimony of witnesses who testified relating to the circumstances of the offense, the instructions of the trial court, and the original files and records from the office of the clerk of the district court.

█ In considering the defendant's claims we should again repeat that appellate court jurisdiction is limited to a review of proceedings in the lower court as evidenced by the record. The appellate court cannot consider matters which were not properly raised and acted upon below and which were not properly saved for review and made a part of the record. State v. Markuson, 261 Minn. 515, 113 N. W. (2d) 346. In view of the defendant's repeated attempts to establish by postconviction procedures that he has been deprived of due process

[2]State v. Soward, 248 Minn. 516, 80 N. W. (2d) 449; State ex rel. Soward v. County of Hennepin, 252 Minn. 378, 90 N. W. (2d) 307.

and that prejudicial error occurred in his trial, we will briefly comment on some of the points raised by him.

He claims that it was illegal for the police to hold him for a period of 71 hours without his being notified of the offense with which he was charged. The record does not support this assertion. He was arraigned in municipal court on January 14, two days after his arrest on the charge of offering a bribe to public officers, at which time he waived preliminary hearing. It is true that he was not charged in the district court by information until January 16, 1956, for the same offense. There is no claim, however, that in the meantime he was denied bail or that he asked for trial at an earlier date. He complains that he was not prosecuted for the precise misconduct which gave rise to his arrest. The fact remains that he was convicted of an offense which the jury found he did commit after his arrest. We are aware of no authority under which the prosecuting attorney is limited to action upon the original offense where, as in this case, the defendant attempts to escape the consequences of his unlawful conduct by offering a bribe. The choice of offenses upon which to prosecute was understandable, and we know of no reason why the county attorney could not prosecute on the second offense, which was an independent crime.

The defendant next contends that by the information he was charged with bribery under § 613.04 while the state's case established an attempt or offer to bribe. This claim is without merit. Section 613.04, among other things, denounces the attempt to bribe an officer or public official. Under the information on which the defendant was tried it was charged that he "did then and there wilfully, unlawfully, wrongfully, corruptly and feloniously offer to * * * [the police officers] the sum of One Hundred Dollars ($100.00), if they * * * would release him from the said arrest and refrain from confining him in the said Minneapolis City Jail pursuant to said arrest, thereby intending to corruptly influence the said [police officers] * * *." The record fully supports the verdict of the jury that the defendant violated the statute in the manner described in the information.

The defendant next alleges error in the proceedings following conviction and preliminary to sentence by which he was arraigned upon an information pursuant to the Habitual Criminal Act. He asserts that one

of the offenses contained in the information was not a felony and consequently should not have been included. This is based on his assertion that, although that particular offense was referred to as grand larceny in the second degree, the amount that he received in the commission of it was not more than $15 in value and that the offense really constituted a misdemeanor. This assertion is likewise without merit. The prior offense grew out of a theft involving elements of grand larceny provided in § 622.06(3) in which the defendant stole equipment from a garage. The penalty provided for violation of this particular statute is "imprisonment in the state prison for not more than five years, by imprisonment in the county jail for not more than one year, or by a fine of not more than $500," and the offense is consequently a felony.

The defendant complains that evidence of his prior convictions was brought out by his own lawyer on direct examination at the trial. He claims that this circumstance establishes incompetence on the part of his attorney resulting in substantial prejudice to him. Section 610.49 provides that a witness in a civil or criminal proceeding may be asked if he has ever been convicted of a crime. This section has been interpreted to include a defendant in a criminal case. State v. Markuson, *supra*. It is obvious that his attorney in the exercise of his judgment decided that it would be to the interest of his client to admit prior convictions on direct examination rather than wait for the county attorney to establish them on cross-examination. The defendant freely testified as to his prior convictions and freely pleaded guilty to them when arraigned on the information after the jury verdict was in. We find no ground for error on this asserted claim.

The defendant asserts that there was a conflict in the testimony of certain prosecution witnesses and that it was error to permit their testimony to stand. The testimony of these particular witnesses related to what went on preliminary to the arrest. We find no conflict in the testimony of witnesses who testified as to the facts bearing upon the offense stated in the information.[3]

---

[3]It is established in this state that, even though two witnesses for the state may differ in important matters, that fact will not preclude a con-

The defendant asserts that on arraignment with reference to prior convictions it was error for the court to examine him without benefit of defense counsel. There is no merit to this claim. It appears from the record that the court refused to continue his questioning of the defendant until defendant's attorney was present, at which time the proceedings commenced anew.

We have carefully examined the record and files before us in search of substantial error which might be said to have deprived defendant of a fair trial. We find none. It is, therefore, unnecessary to discuss the remaining points raised. They have either been settled by our prior decisions in State v. Soward, 248 Minn. 516, 80 N. W. (2d) 449, and State ex rel. Soward v. County of Hennepin, 252 Minn. 378, 90 N. W. (2d) 307, or are so completely devoid of merit as not to warrant discussion.

Affirmed.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.

viction. State v. O'Connor, 154 Minn. 45, 191 N. W. 50; State v. Barnett, 193 Minn. 336, 258 N. W. 508; State v. Poelaert, 200 Minn. 30, 273 N. W. 641.