STATE EX REL. VERNON C. O'NEILL v. RALPH H. TAHASH.*

122 N. W. (2d) 165.

May 17, 1963—No. 38,960.

*Vernon C. O'Neill,* pro se, and *Mitchell & Pierce,* for appellant.
*Walter F. Mondale,* Attorney General, and *Charles E. Houston,*
Solicitor General, for respondent.

SHERAN, JUSTICE.

Appeal from an order of the Washington County District Court, deny-
ing the petition of Vernon C. O'Neill for a writ of habeas corpus.

O'Neill is confined in the State Prison at Stillwater under a sentence
imposed by the District Court of Hennepin County[1] following his plea
of guilty to an information reading in part as follows:

---

*Certiorari denied, 375 U. S. —, 84 S. Ct. 166, 11 L. ed. (2d) 118.

[1]Relator was sentenced on December 7, 1951, to the State Prison at
Stillwater "until from thence discharged by due course of law or by competent
authority." The sentence was stayed, however, "for a period of 5 years or
until further order of this court" and relator was placed under the super-
vision of the Hennepin County Probation Office. On December 9, 1952, a.

"* * * VERNON O'NEILL, pleaded guilty to the crime of GRAND LARCENY IN THE FIRST DEGREE in the District Court of Hennepin County, Minnesota, on the 18 day of October, 1951, before the Honorable HAROLD N. ROGERS in accordance with an INFORMATION filed on the 4th day of October, 1951, [and] was twice PREVIOUSLY CONVICTED, as follows, to-wit:

"The said Vernon C. O'Neill * * * was on or about the 25th day of September, 1944, charged in the District Court, Pembina County, North Dakota, with the crime of Grand Larceny; that thereafter said defendant pleaded guilty to said charge, whereupon the Court in accordance with said plea, adjudged said defendant guilty of said offense, and as punishment therefor sentenced him to be confined in a State penal institution for a term of five years, or until thence discharged by due course of law or by competent authority.

"The said Vernon C. O'Neill * * * was on or about the 25th day of September, 1944, charged in the District Court, Pembina County, North Dakota, with the crime of Robbery in the First Degree; that thereafter said defendant pleaded guilty to said charge, whereupon the Court in

---

probation officer of that county recommended that the stay be vacated because of violation of the terms of probation in that "[relator] has fraudulently issued and cashed no-account checks; * * * drunk intoxicating liquors to excess * * * forged car sales contracts and thereby obtained money fraudulently." Based on this report the stay of execution was vacated by order of Judge Rogers and a warrant of commitment then issued. The sentence being served by relator is for the maximum term prescribed for the offense committed, with possible earlier release by the Adult Corrections Commission. See, Minn. St. 243.01 to 243.07; State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984; State ex rel. Soward v. Rigg, 256 Minn. 140, 97 N. W. (2d) 468. The maximum term for larceny in the second degree is 5 years, doubled under § 610.28 where prior conviction of a felony is established. State ex rel. Koalska v. Swenson, 243 Minn. 46, 66 N. W. (2d) 337, certiorari denied, 348 U. S. 908, 75 S. Ct. 308, 99 L. ed. 712. The suspension of the sentence and the subsequent vacation of the stay were authorized by §§ 610.37 to 610.39. See, State v. Meyer, 228 Minn. 286, 37 N. W. (2d) 3. The district court file discloses that O'Neill was represented by an attorney of his own selection in the proceedings which culminated in the original suspended sentence.

accordance with said plea, adjudged said defendant guilty of said offense, and as punishment therefor sentenced him to be confined in a State penal institution for a term of five years, or until thence discharged by due course of law or by competent authority * * *."[2]

Minn. St. 610.28 provides:

"Every person who, after having been convicted * * * under the laws of any other state * * * of *a* crime which, if committed in this state, would be a felony, commits any felony * * * in this state, upon conviction thereof, shall be punished as follows:

\*     \*     \*     \*     \*

"(2) If the subsequent crime is such that upon a first conviction

---

[2]Minn. St. 610.31 provides: "If at any time before sentence, or at any time after sentence but before such sentence is fully executed, it shall appear that a person convicted of a felony, or an attempt to commit a felony, has been previously convicted of any crime so as to render him liable to increased punishment by reason thereof under any law of this state, it shall be the duty of the county attorney of the county in which such conviction was had to file an information with the court wherein the conviction was had accusing such person of such previous convictions, whereupon the court shall cause such person, whether confined in prison or otherwise, to be brought before it, either in term or in vacation, and shall inform him of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as charged in the information or not. If he shall say that he has not been convicted as therein charged or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record, and the court shall make an order directing that the truth of the accusations made in the information be submitted to a jury at the then present term of court, if in term time and a jury be in attendance, or at the next ensuing term of court when a jury shall be in attendance. If the jury shall find and determine that the accused is guilty of previous convictions as charged in the information, or if the accused acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the increased punishment or penalty of imprisonment to which he is liable, as provided by law, and shall vacate any previous sentence if one has theretofore been imposed; provided, that any time served under the previous sentence shall be deemed to have been served under the new sentence and shall be credited thereon."

the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence for not less than twice the shortest term, nor more than twice the longest term, prescribed upon a first conviction * * *." (Italics supplied.)

The question raised by this appeal is whether the failure of the information above quoted to specify the details of the offenses committed in North Dakota or to declare that the offenses for which relator was convicted would constitute a felony under the law of Minnesota renders it so defective that the district court was without jurisdiction to impose the sentence, causing relator to be deprived of his liberty without due process of law.

The district court of Minnesota is charged with the duty of taking judicial notice of the statutes of other states.[3] Relevant provisions of the statutes of the State of North Dakota in force at the time of the convictions recited in the information make it clear that the essential elements of robbery in the first degree under the law of that state are such as would make the conduct a felony if committed in Minnesota.[4]

---

[3]Minn. St. 599.04. "Every court of this state shall take judicial notice of the common law and statutes of every state, territory, and other jurisdiction of the United States."

[4]North Dakota Code, c. 12-31, provides:

§12-31-01. "Robbery is a felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

§ 12-31-02. "To constitute robbery, the force or fear must be employed either to obtain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery."

§ 12-31-03. "When force is employed in either of the ways specified in section 12-31-02, the degree of force employed is immaterial."

§ 12-31-04. "The fear which constitutes robbery may be either:

"1. The fear of an unlawful injury, immediate or future, to the person or property of the person robbed, or of any relative of his or member of his family; or

"2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery."

Minn. St. 610.01 defines crimes, including felony, as follows:

"A crime is an act or omission forbidden by law, and punishable upon conviction by death, imprisonment, fine, or other penal discipline. Every crime which may be punished by death, or by imprisonment in the state prison or state reformatory, is a felony. Every crime punishable by fine not exceeding $100, or by imprisonment in a jail for not more than 90 days, is a misdemeanor. Every other crime is a gross misdemeanor."

It is clear that any act or combination of acts constituting "robbery in the first degree" under the law of North Dakota would be a felony under the law of Minnesota.[5] Although different punishment is authorized depending on whether the robbery is in the first, second, or third degree, imprisonment in the State Prison is prescribed upon conviction of robbery in this state regardless of which of the three categories is found to apply.[6]

By the terms of § 610.28, a prior conviction of *one* crime, which if committed in this state would be a felony, is basis for the additional punishment prescribed by that section upon conviction of a subsequent felony in this state. It is therefore unnecessary to analyze the North

---

§ 12-31-05. "When property is taken under the circumstances required to constitute robbery, the fact that the property was of trifling value does not qualify the offense."

§ 12-31-07. "Robbery, when accomplished by the use of force, or by putting the person robbed in fear of some immediate injury to his person, is robbery in the first degree. When accomplished in any other manner, it is robbery in the second degree."

[5]Minn. St. 619.41. "Robbery is the unlawful taking of personal property from the person of another or in his presence, against his will, by means of force or violence, or fear of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family, or of any one in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force used is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking from the person of another constitutes robbery when it appears that, although the taking was fully completed without his knowledge, such knowledge was prevented by the use of force or fear."

[6]§§ 619.42 to 619.44.

Dakota larceny statutes[7] since, under the circumstances, the alleged conviction in North Dakota for grand larceny was surplusage. See, State v. Kopetka, 265 Minn. 371, 121 N. W. (2d) 783.[8]

Affirmed.

[7]North Dakota Code, § 12-40-03. "Grand larceny is larceny committed in the following cases:

"1. When the property taken is of value exceeding one hundred dollars;

"2. When such property, although not of value exceeding one hundred dollars, is taken from the person of another; or

"3. When the property taken is any horse, mule, cow, calf, or other neat cattle, or any sheep, swine, or poultry, the property of another.

"Larceny in other cases is petit larceny."

[8]In a case where the only prior conviction charged in the information resulted from a plea of guilty to a crime which might not have been a felony if committed in Minnesota, § 610.28 was held not to apply in State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577.