## STATE EX REL. BLAINE LYNNE ATKINSON v. RALPH H. TAHASH.

142 N. W. (2d) 294.

April 29, 1966—No. 39,765.

*Irving Nemerov,* for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the district court discharging a writ of habeas corpus. It is contended that the trial court erred in finding defendant's sentence as a habitual criminal was valid; that the information charging the prior conviction was defective and not timely filed; that the proceedings by which he was sentenced did not comply with the applicable statutes; and that the Adult Corrections Commission, rather than the courts, had determined his length of confinement.

It appears that the defendant, who is now 32 years of age, is a product of a broken home and has had a long history of law violations, including juvenile offenses. At an early age he was placed in foster homes where he grew up, as were his five half brothers and sisters. The series of offenses with which we are here concerned originated in October 1954, when the defendant and two others burglarized a tavern and stole approximately $75 in merchandise and money. For this offense he was charged with second-degree grand larceny to which he entered a plea of guilty and was given an indeterminate sentence on January 13, 1955. His next offense occurred on August 18, 1957, while he was on parole. At that time, with two others, he broke into a hardware store and stole merchandise of the approximate value of $400. He entered a plea of

guilty to an information charging him with this offense and on October 7, 1957, was sentenced to an indeterminate term in the state reformatory at St. Cloud.

Thereafter, on October 29, 1957, the county attorney, as required by Minn. St. 1961, § 610.31, filed an information charging the defendant as a habitual criminal by reason of the 1955 conviction. In that proceeding the trial court vacated the sentence imposed on October 7, 1957, and after the defendant entered a plea of guilty to the supplemental information, the trial court imposed an increased sentence as provided by habitual criminal statutes then in effect, Minn. St. 1961, §§ 610.28 and 610.31. The defendant was sentenced to not more than 10 years in the state reformatory at St. Cloud. On December 6, 1960, the defendant was paroled from the State Prison at Stillwater, he having been transferred to that institution from the St. Cloud Reformatory in July 1958. After parole, the defendant again violated the law by committing another burglary. On March 16, 1961, an information was filed charging the defendant with third-degree burglary in violation of Minn. St. 1961, § 621.10. Upon arraignment he entered a plea of guilty and was given an indeterminate sentence to the State Prison at Stillwater. On the basis of the three sentences imposed, he had an aggregate maximum term of 20 years as of the date of the trial court's order discharging the writ of habeas corpus. On May 31, 1965, the defendant was again released on parole and, so far as the record discloses, is now at liberty.

■ The assignments of error are principally directed to the proceedings which occurred when the defendant was sentenced as a habitual criminal on October 29, 1957. It is contended that the proceedings by which the increased penalty was imposed were invalid because the supplemental information did not inform the defendant of the character and nature of the proceedings. We have examined the information, and while it appears that it is not carefully drawn and might well have stated the prior offense with more particularity, we are not satisfied that it is so defective as not to meet the statutory requirements for imposition of increased penalty under the provisions of the Habitual Criminal Act then in effect. On arraignment to the supplemental charge the court inquired of the defendant, "You understand that you are being accused as an

habitual offender under that [the information]" and explained that the effect of it would be to increase his sentence. After he entered a plea of guilty the trial court said, "So that there may be no misunderstanding, the State has stated that on the 13th of January, 1955, you were convicted in this court for the crime of grand larceny in the second degree." The defendant admitted serving time for that offense.

The objection that the proceedings by which the increased penalty was imposed were invalid because the supplemental information did not fully inform the defendant of the character and nature of the proceedings may be disposed of by observing that in proceedings to impose increased penalty under the habitual criminal statute, the state is not required to allege the elements of the prior offense with the same particularity required in the original indictment, it being sufficient to allege such matters in the supplemental information which establish the defendant as a habitual criminal within the purview of the statute. State ex rel. O'Neill v. Tahash, 265 Minn. 407, 122 N. W. (2d) 165, certiorari denied, 375 U. S. 887, 84 S. Ct. 166, 11 L. ed. (2d) 118; 25 Am. Jur., Habitual Criminals, § 26; Annotation, 80 A. L. R. (2d) 1196. See, State v. Kopetka, 265 Minn. 371, 121 N. W. (2d) 783. From an examination of the record, it appears to us that the defendant was adequately informed of the nature of the supplementary proceeding, he was represented by counsel, and the court explained to him that the purpose and effect of the supplementary proceeding was to impose increased punishment.

■ It is next contended that the prosecuting attorney was aware of the prior conviction in 1955 at the time sentence was imposed for the second offense on October 7, 1957, and that his failure to charge the defendant as a recidivist until some time later prevents the imposition of the increased sentence. The defendant claims that under the provisions of §§ 610.28 and 610.31 such action on the part of the prosecuting attorney constitutes a waiver which gives the defendant immunity from additional punishment. In support of this contention defendant relies on certain language found in State ex rel. Hines v. Tahash, 263 Minn. 217, 116 N. W. (2d) 399. We find nothing in the statute which would permit us to hold that enhanced punishment under the Habitual Criminal Act is waived if the county attorney knows of the prior conviction and fails

to inform the court of it at or before the time of sentence. The provisions of § 610.31 do not lend themselves to any such interpretation. That statute, so far as applicable here, states:

"If at any time before sentence, *or at any time after sentence but before such sentence is fully executed,* it shall appear that a person convicted of a felony, or an attempt to commit a felony, has been previously convicted of any crime so as to render him liable to increased punishment by reason thereof under any law of this state, it shall be the duty of the county attorney of the county in which such conviction was had to file an information with the court wherein the conviction was had accusing such person of such previous convictions * * *." (Italics supplied.)[1]

The procedure under the Habitual Criminal Act in force at the time the defendant was sentenced was outlined in State v. Zywicki, 175 Minn. 508, 514, 221 N. W. 900, 903, and it was pointed out:

"* * * It [the Habitual Criminal Act] contains mandatory provisions requiring the county attorney to proceed thereunder when it shall appear that the defendant has been previously convicted. The matter of the increased punishment is to be determined after defendant has been convicted of the crime with which he is then charged. The essential requirements to bring about the increased punishment are, first, that defendant then stands convicted of a felony or an attempt to commit a felony, sentence for which has either not been imposed or, if imposed, has not been fully executed; second, that after such conviction the defendant has been found guilty of a prior conviction or convictions for felony, or attempt to commit felony. It is then mandatory upon the court to impose the increased penalty provided."

---

[1] These mandatory and automatic provisions of the Habitual Criminal Act have been eliminated by the provisions of Minn. St. 609.155 (L. 1963, c. 753, § 609.155) which provide for "Extended term for dangerous offenders." The new procedure as set forth in § 609.16 (L. 1963, c. 753, § 609.16) provides that the defendant "may" be sentenced to an extended term where the circumstances warrant it and where definite procedural steps are taken, which may be initiated by the prosecuting attorney or by the court on its own motion.

We cannot agree that the statute warrants the interpretation for which the petitioner argues. On the contrary, the statute clearly provides that the supplemental charge may be presented to the court either before or after sentence is imposed so long as the term of the sentence is not fully executed. The fact that the statutes here cited are no longer in effect and experience has shown that they have been unevenly applied in the past does not change their force where they find expression in a valid sentence.[2] Relief from the rigorous provisions of the Habitual Criminal Act should be sought from the Adult Corrections Commission, which has the duty under the law[3] of limiting the term of imprisonment where circumstances warrant it. The commission may be expected to intelligently and fairly perform its administrative duties and, indeed, the record indicates this duty has been performed by the action of the commission in placing the defendant on parole on three occasions.

■ It is next suggested that since the defendant is on parole habeas corpus is not the proper remedy and that this court is without jurisdiction to pass upon the issues presented. In State ex rel. Koalska v. Rigg, 247 Minn. 149, 76 N. W. (2d) 504, we said that a petitioner, having accepted his liberty subject to parole authorities, is no longer restrained of his liberty to such an extent that habeas corpus will lie. The United

---

[2] See, Advisory Committee Comment, 40 M. S. A. p. 149.

[3] Minn. St. 241.03, subd. 1. Minn. St. 243.05, 243.06, 243.07, 243.12, and Minn. St. 609.105 and 609.12 (L. 1963, c. 753, §§ 609.105 and 609.12) authorize the administrative authorities to determine the time a prisoner should be credited on his sentence and when he should be paroled or discharged. Moreover, it should be noted that the defendant here was given in each instance an indeterminate sentence (one of which was vacated) which operates as a sentence for the maximum term prescribed for the offense committed. State ex rel. Soward v. Rigg, 256 Minn. 140, 97 N. W. (2d) 468, and State ex rel. Petcoff v. Reed, 138 Minn. 465, 467, 163 N. W. 984, 985, where we said:

"The rulings are to the effect that an indeterminate sentence, imposed under a law authorizing such sentences, is a sentence for the maximum term prescribed for the offense committed, coupled with a provision which permits but does not require an earlier release; that, as an earlier release cannot be demanded as of right, the sentence necessarily operates as a sentence for the maximum term."

States Supreme Court, however, has expressed a contrary view in Jones v. Cunningham, 371 U. S. 236, 243, 83 S. Ct. 373, 377, 9 L. ed. (2d) 285, 291, 92 A. L. R. (2d) 675, 681, which holds that the broadened scope of habeas corpus goes beyond protection of a person in actual physical custody and reaches those who are subject to wrongful restraints upon their liberty while on parole, pointing out that the writ of habeas corpus is not "a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose — the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty. While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the * * * Parole Board within the meaning of the [Federal] habeas corpus statute; * * *."

We accordingly hold that a state prisoner, released from a state institution and in custody of the Adult Corrections Commission under conditions imposed by that body and subject to revocation, is entitled to the remedy of habeas corpus as used under the practice in this state as a post-conviction remedy. In so far as this determination conflicts with State ex rel. Koalska v. Rigg, *supra;* State ex rel. Ferrario v. Rigg, 259 Minn. 565, 108 N. W. (2d) 309; and State ex rel. Lezer v. Tahash, 268 Minn. 571, 128 N. W. (2d) 708, they are reversed or modified to conform with Jones v. Cunningham, *supra.*

Affirmed.