STATE v. MILTON SCHUMANN.

157 N. W. (2d) 758.

March 29, 1968—No. 40,512.

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction growing out of a charge of assault with a dangerous weapon (Minn. St. 609.225, subd. 2). As grounds for a new trial, it is alleged that defendant was denied effective

aid and assistance of counsel and that the trial court erred in receiving in evidence a shotgun allegedly obtained as a result of an unlawful search and seizure.

It should be noted at the outset that defendant, by his conduct prior to the acts which gave rise to the offense with which he was charged, had indicated that he was a disturbed person. Preliminary to trial he was examined by a psychiatrist who reported that he "unhesitatingly" believed that defendant "is fully capable of defending himself in [a] Court of Law. * * * He understands the charges against him. He does not agree with the charges but he understands them." It should also be noted that defendant has been admitted to parole and is not now in custody.

From the record it appears that defendant, who was separated from his wife, lived with his mother, Mrs. Mary Schumann, at her home in the village of Magnolia. Also living in the home was one Diane Burke, who apparently was defendant's girl friend. Deputy Sheriff Dean DeBooy was called to the Magnolia Municipal Liquor Store on September 20, 1965, to investigate a charge that Miss Burke, a minor, was being served liquor on the premises. In the course of a short conversation, defendant told the deputy sheriff that he was going to burn down the liquor store and would shoot anyone who came out of the store with his girl friend. He then left the store and walked to his home. It appears that the deputy sheriff, at the request of Miss Burke, took her to the home so that she could remove her possessions therefrom. He waited while she brought her belongings to his car. During this time defendant appeared at the doorway of the house and called to the deputy sheriff to come in. When the deputy sheriff entered the home, defendant told him, "I have a notion to shoot you." Thereafter, defendant went upstairs and returned with a single-barreled shotgun and told the deputy sheriff, "I am going to blow your head off." Defendant then held the deputy at bay with the shotgun for approximately 15 minutes. During this time he threatened to shoot the deputy several times. The deputy chose an opportune moment to leave before any further threats or any shooting occurred.

■ Defendant complains that the trial court should not have admitted in evidence the shotgun which was submitted in support of the state's case. When this evidence was offered, a conference was held at the bench, the

substance of which is not a part of the record. The shotgun was admitted in evidence without objection. We must accordingly dispose of this asserted error on the basis of those authorities which hold that an appellate court cannot consider matters which are not properly raised and acted upon below and which are not properly saved for review and made a part of the record. State v. Soward, 262 Minn. 265, 114 N. W. (2d) 276; State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828; State v. Ferraro, 277 Minn. 204, 152 N. W. (2d) 183; State v. Carmichael, 275 Minn. 148, 145 N. W. (2d) 554. Moreover, the record is silent on the issue of whether or not the shotgun was secured by the state in the course of an unlawful search. It is represented that the files of the municipal court of the city of Luverne reveal that DeBooy made an affidavit and an application for a warrant to search the Schumann residence for the gun on September 27, 1965, and that a search warrant was issued on the same day. Though a return on the warrant is also on file, it was never executed. How the gun was obtained or whether it was given to the deputy by defendant's mother, who lived in the home, does not appear in the record. It may be assumed that when the deputy sheriff went to defendant's home with the search warrant and requested the shotgun, defendant's mother complied with the request and produced the weapon so that a search would not have been necessary.

It is next contended that defendant was denied competent assistance of court-appointed counsel. The public defender argues that under the circumstances defense counsel should have raised the constitutional issue of unlawful search and seizure and the defense of intoxication and that he failed to explore or raise the issue of defendant's sanity. The record indicates that the defense counsel's strategy was based upon the testimony of both Mrs. Schumann and Miss Burke and inferences therefrom that the gun was not used as an instrument of assault. He may have determined that it might be harmful to the defense to raise the objections which the public defender now feels are important. In any event, we are satisfied from the record that defendant had a fair trial and that the trial court was fully cognizant of the inherent difficulties arising from defendant's emotional and physical condition. We have examined the file and are satisfied that the defense counsel spent a great deal of time in defendant's

behalf. The order approving payment of his fees indicates that he spent 3 days in arranging for medical examinations and interviewing witnesses in preparation for trial. He spent a day in trial of the case and made at least four other appearances in court in behalf of defendant. The objection raised here must be disposed of on authority of State v. Waldron, 273 Minn. 57, 139 N.W. (2d) 785; State v. Bailey, 270 Minn. 64, 132 N. W. (2d) 720; 5B Dunnell, Dig. (3 ed.) § 2490d; State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149. On the basis of the record here, there is not sufficient showing of infidelity, incompetence, or prejudice on the part of the defense attorney to warrant a new trial. State v. Gorman, 219 Minn. 162, 17 N. W. (2d) 42. Defendant should not be permitted to urge the ignorance or incompetence of his attorney or mismanagement by him as a ground for a new trial, even in a criminal case, unless there be a strong showing of both incompetence and prejudice.

Affirmed.