WILLIAM I. AIRD v. STATE.

193 N. W. 2d 466.

December 17, 1971—No. 41723.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Rosalie Wahl, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, James M. Kelley, Assistant Attorney General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

Per Curiam.

This appeal from a denial in October 1968 of defendant's postconviction petition for relief challenging the validity of his 1962 conviction

upon a plea of guilty to first-degree robbery was based on the assumption that such conviction resulted in increasing defendant's sentence after he pled guilty to a later crime of aggravated robbery in 1967.[1] At oral argument it was acknowledged, as the record compels, that the 1962 conviction had no such effect. Therefore, the relief defendant now seeks is a vacation of his 1962 conviction and a dismissal of the charge to accomplish removal of that conviction from his record, otherwise containing at least two other prior felony convictions.

While we doubt that our Postconviction Remedy Act, Minn. St. 590.01 et seq., was intended to afford relief from a conviction which admittedly imposes no present restraint on defendant's liberty, or that the relief sought under the circumstances of the 1962 conviction is in any event within the authority of this court, we have nevertheless, because of the protracted nature of these proceedings, reviewed the matter on the merits. We affirm the findings and order of the postconviction court.

Even though there was an erroneous dismissal of defendant's 1964 petition for a writ of habeas corpus essentially because defendant was paroled from prison in April 1966, State ex rel. Atkinson v. Tahash, 274 Minn. 65, 142 N. W. 2d 294 (1966),[2] there was no final decision on the merits rendered in that proceeding. All of his claims asserted in the habeas court have been fully re-presented and considered de novo by the postconviction court. That court expressly found that defendant was adequately represented by counsel and knowingly, intelligently, and without improper inducement pled guilty to the robbery charge.[3] Furthermore, the postconviction court was fully justified in rejecting defendant's claims of illegal arrest, search and seizure,[4] and detention.[5] The evidence amply sustains these findings, and we are satisfied that there were no constitutional infirmities in the proceedings resulting in the 1962 conviction.

Affirmed.

---

[1] Minn. St. 609.155, subd. 1, provides: " 'Extended term of imprisonment' means a term of imprisonment the maximum of which may be for the maximum term authorized by law for the crime for which the defendant is being sentenced multiplied by the number of his prior felony convictions, but not to exceed 40 years."

[2] See, also, State ex rel. Holm v. Tahash, 272 Minn. 466, 139 N. W. 2d 161 (1965).

[3] See, State v. Richardson, 280 Minn. 136, 158 N. W. 2d 161 (1968).

[4] See, State v. LaJeunesse, 280 Minn. 381, 159 N. W. 2d 261 (1968).

[5] See, State v. Madison, 281 Minn. 170, 160 N. W. 2d 680 (1968), certiorari denied, 393 U. S. 1102, 89 S. Ct. 904, 21 L. ed. 2d 796 (1969).