**Dean SPRENGER et al., Appellants,**

v.

**Sol J. JACOBS et al., Respondents.**

No. 51136.

Supreme Court of Minnesota.

Jan. 9, 1981.

Peter W. Brown, Ann Bartsch, Legal Aid Society of Minneapolis, Minneapolis, for appellants.

Robert Alfton, City Atty. and Edward C. Vavreck, Sr., Asst. City Atty. for the City of Minneapolis, Minneapolis, for respondents.

AMDAHL, Justice.

This is an appeal from an order of the district court of Hennepin County denying plaintiffs' motion for temporary injunction and quashing a temporary restraining order previously issued.

On February 15, 1980, defendant Jacobs, Director of Housing Inspections for the City of Minneapolis, issued, pursuant to Minneapolis, Minn., Code of Ordinances § 244.1450 (1976), orders condemning as "unfit for human habitation and dangerous to life and health" buildings at 1801–1813 Elliot Avenue South and ordering tenants to vacate the premises within three days. The plaintiffs, tenants of the three buildings, on the same date appealed, in accord with Minneapolis, Minn., Code of Ordinances § 242.60 (1976), the orders to the Housing Board of Appeals. Defendant Jacobs informed plaintiffs that the city would proceed to enforce the vacation orders despite the appeal. On February 18, plaintiffs sought and obtained a temporary restraining order from the district court.

On February 19, the controversy came on before a judge on plaintiffs' motion for temporary injunction enjoining defendants from enforcing the condemnation orders during pendency of plaintiffs' appeal to the Housing Board of Appeals. On February 22, the court issued its order dissolving the temporary restraining order and denying the motion for a temporary injunction.

On February 24, a three-member panel of this court considered plaintiffs' request for a stay of defendants' condemnation order pending a decision on the merits of their petition for a writ of prohibition and/or appeal from the district court order. By order dated February 25, 1980, this court denied the requested relief but retained "jurisdiction of all issues raised or to be raised by the petition for a writ of prohibition or appeal."

On February 28, the defendant Jacobs reinspected the premises and, finding that some improvements had been made which eliminated the hazards and dangers which had rendered the buildings uninhabitable, vacated the condemnation and eviction orders. Defendants argue that the vacating of the condemnation orders have mooted the case and assert that the "questions and issues herein are further rendered moot because of the fact that the last of the tenants left the premises in early June, 1980 and the middle building in this complex of

three was boarded up on or about June 26, 1980, as the other two buildings had been boarded up at an earlier date."

Plaintiffs do not controvert the facts that all the tenants had left the buildings and all the buildings were boarded up by early June 1980. Plaintiffs state that "defendant having vacated the condemnation order, plaintiffs–appellants have no actual need for a temporary injunction to preserve the status quo. In addition, the exact facts surrounding these exact buildings and conditions are unlikely to recur. Therefore, plaintiffs–appellants will not press in this appeal for confirmation of the right they had to a temporary injunction * * *." Plaintiffs, however, argue that "the other issues raised on appeal, namely the jurisdiction of the Minneapolis Housing Board of Appeals to hear plaintiffs' appeal of defendant's condemnation order, the legitimacy of the district court's findings of fact, and other procedural issues argued herein, are still very worth deciding in that their decision in favor of plaintiffs–appellants would require a remand to district court for correction. In addition, these issues continue to be of serious interest to plaintiffs and others similarly situated."

It is well settled that if, pending an appeal, an event occurs which makes a decision unnecessary, the appeal will be dismissed as presenting a moot question. *In re Village of Savage v. Minnesota Municipal Commission*, 288 Minn. 340, 180 N.W.2d 925 (1970); *State ex rel. Meldahl v. Tahash*, 278 Minn. 51, 153 N.W.2d 147 (1967).

A decision on the merits here would accomplish nothing as there are no existing orders whose enforcement would be stayed if the order of the trial court were reversed. The condemnation orders having been vacated, there is nothing to stay.

In effect, we are asked to pass on the merits of the trial judge's denial of a temporary injunction as a precedent in future cases of this kind. In *Works v. Tiber*, 169 Minn. 172, 173, 210 N.W. 877, 878 (1926) Justice Dibell tersely observed: "[w]e make precedents only as incident to the determination of actual controversies." That ob-

servation still controls today and mandates the following disposition of this matter.

The issues on appeal having become moot, the appeal is dismissed.