## STATE v. FRANK P. LEVINE.[1]

### June 25, 1920.

### No. 21,716.

**Plea of lesser degree of crime than charged in indictment — sentence upon plea.**

    1. A defendant indicted for larceny in the first degree may be allowed to plead guilty to larceny in the second degree, and if, after such plea and before sentence, he and those indicted with him testify on the trial of the latter that no one of them was connected with the larceny, the court nevertheless may properly pronounce sentence upon the plea entered.

**Denial of motion to withdraw plea and stand trial.**

    2. The court did not abuse judicial discretion in refusing defendant's motion, made after sentence was pronounced, for vacation thereof and for leave to withdraw the plea and stand trial.

Defendant was indicted by the grand jury of Hennepin county, charged with the crime of larceny in the first degree, tried in the district court for that county before Jelley, J., and a jury, found guilty of the crime charged in the indictment, and sentenced to the state

[1]Reported in 178 N. W. 491.

prison. From an order denying his application to withdraw his plea of guilty of grand larceny in the second degree, defendant appealed. Affirmed.

*F. J. McPartlin, John I. Levin* and *A. J. Hertz,* for appellant.

*Clifford L. Hilton,* Attorney General, *John E. Palmer,* Assistant Attorney General, and *William M. Nash,* County Attorney, for respondent.

HOLT, J.

In August, 1918, defendant was indicted together with Charles Couplin and Philip Morgan of the crime of larceny in the first degree, committed on the last day of June previous. He pleaded not guilty. A few days before the date fixed for trial, and on September 22, 1919, he withdrew his former plea and pleaded guilty to larceny in the second degree, the county attorney consenting. He was not sentenced until October 23, 1919. In the meantime Couplin and Morgan had been tried and convicted of larceny in the first degree, this defendant having been called as the chief witness for the state. Execution of sentence had been stayed until November 8, 1919. On November 5 defendant moved the court to vacate the judgment and sentence and for permission to change his plea to not guilty and stand trial. The motion was denied and defendant appeals.

1. It is argued that the court erred in imposing sentence for the crime of larceny in the second degree, because at that time it was conclusively established by the evidence in the Couplin and Morgan trials that the crime committed was larceny in the first degree, and further that this defendant had not participated therein.

Defendant cannot well complain because at his request he was permitted to plead guilty to a crime of a lesser degree than specified in the indictment. The testimony given in the Couplin and Morgan trials did not necessarily prove that this defendant did not aid or abet in the larceny. The court was no more required to accept defendant's story of his connection with the property than were the jury. A larceny had unquestionably been committed. The persons indicted, therefore, could plead guilty of any degree of larceny that the court was willing

to accept. Section 8462, G. S. 1913, has no application to the facts here.

2. It is said the court abused judicial discretion when denying defendant's application. We cannot so hold. Before defendant asked leave to withdraw his plea of not guilty and enter that of guilty, he had had the advice of competent attorneys, and a month passed before he was called for sentence. In the meantime both he and his attorneys had heard and no doubt duly considered all the testimony adduced in the two cases tried. He appeared for sentence accompanied by his two attorneys, and they now assert that before imposing the sentence the court criticised defendant for having pleaded guilty and then taking the witness stand to testify that he did not participate in the crime and said: "If this defendant should request that he be permitted to withdraw his plea of guilty to grand larceny in the second degree, I would readily grant such request and require him to stand trial upon the charge of first degree larceny." But defendant did not see fit to avail himself of the opportunity, no doubt because of the risk of conviction of larceny in the first degree, and because of the expectation that the court would show greater clemency than was done. The plea was entered advisedly. There was no inducement held out by the state to secure it from defendant. After a whole month's reflection, and with full knowledge of the state's case against him, when offered the opportunity to withdraw the plea, he deliberately chose to let it stand. He received his sentence and not till more than a week thereafter was the motion made to vacate. The court did not err when defendant's application was denied.

The order and judgment are affirmed.