## STATE EX REL. CHARLES ISLE v. RALPH TAHASH.

109 N. W. (2d) 54.

May 5, 1961—No. 38,276.

*Charles Isle,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of the State Prison.

---

[3]Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93; Murray v. Murray, 159 Minn. 111, 198 N. W. 307.

KNUTSON, JUSTICE.

This is an appeal from an order of the District Court of Washington County denying a petition for a writ of habeas corpus.

On January 4, 1952, an indictment was returned by the grand jury of Crow Wing County charging petitioner, Charles Isle, with the crime of murder in the first degree. The pertinent portions of the indictment read:

"Charles Isle ACCUSED by the Grand Jury of the County of Crow Wing and State of Minnesota, by this indictment of the crime of murder in the first degree committed as follows:

"The said Charles Isle on the 18th day of December A. D. 1951, at the Village of Deerwood in the County of Crow Wing and State of Minnesota, did unlawfully, feloniously, purposely, with premeditated malice and design, kill and murder William Bombard, by then and there feloniously, purposely and with premeditated malice, shooting and mortally wounding the body and person of said William Bombard, with a gun, to-wit: a 30-30 rifle then and there loaded with cartridges, which gun, he, the said Charles Isle, then and there had in his hand and which he intentionally discharged into the body of William Bombard, then and there well knowing the same to be loaded with said cartridges, Contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Minnesota."

On January 5, 1952, petitioner was arraigned on the above indictment and entered a plea of not guilty. Counsel was appointed to represent him, and, after a number of conferences, shown by the record, petitioner appeared before the trial judge with counsel on January 24, 1952, and requested an opportunity to withdraw his plea of not guilty to murder in the first degree and leave to enter a plea of guilty to murder in the second degree. After questioning petitioner regarding the matter and ascertaining that it was his desire to plead to a charge of murder in the second degree, the court accepted such plea.

Petitioner bases his right to a writ of habeas corpus, for the most part, on a contention that the court had no power to accept a plea of guilty to second degree murder inasmuch as the indictment of the grand

jury charged him with murder in the first degree. In other words, it is his contention that before a plea of guilty to murder in the second degree could be accepted it was necessary that he be indicted of that crime by the grand jury.

Petitioner concedes that under Minn. St. 631.14, if he had been tried on the indictment for murder in the first degree, the jury would have power to return a verdict of guilty in any lesser degree of the crime of homicide.

Section 631.14 reads:

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto; upon an indictment for any offense, the jury may find the defendant not guilty of the commission thereof, and guilty of an attempt to commit the same; upon an indictment for murder, if the jury shall find the defendant not guilty thereof, it may, upon the same indictment, find the defendant guilty of manslaughter in any degree. In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

Section 610.11 reads:

"Upon the trial of an indictment, the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime. In an indictment for an assault with intent to commit a felony, the jury, in case it does not find the intent charged, may convict of assault, and the court may sentence the defendant to imprisonment in the county jail for not more than one year, or to pay a fine not exceeding $500."

As far back as State v. Lessing, 16 Minn. 64 at 67 (75 at 78), we held:

"If the indictment charges the crime in terms which embrace the highest degree, a conviction may be had under our statute for that or any lesser degree of the same offense."

Thus, while petitioner concedes that if he had been tried on the indictment charging murder in the first degree the jury could have found him guilty of murder in the second degree, he contends that, absent a trial, the court had no authority to accept a plea of guilty to a lesser degree of the crime charged in the indictment. It must be conceded that our statutes make no specific provision for accepting such plea where the punishment is life imprisonment. The whole matter was considered in State ex rel. Crippen v. Rigg, 256 Minn. 41, 47, 96 N. W. (2d) 875, 879, where we said:

"By its very terms, § 628.32, subd. 6, has no application to a charge of murder in the second degree. We think that clearly, under § 630.30 and the general practice which prevails throughout the State of Minnesota, petitioner may be permitted, with the consent of the court, to enter a plea of guilty to a charge of a lesser degree of any crime of which he is charged in an indictment."

That decision is controlling here.

Clearly the court, upon defendant's request, could permit him to plead guilty to a lesser degree of a crime charged in the indictment.

■ The only other contention of petitioner is that a fatal variance exists between the statute and the indictment, in that the indictment does not allege that the crime was committed with a design to effect death. While the indictment does not use the precise language of the statute, it does allege that defendant did, "with premeditated malice and design, kill and murder William Bombard." A design to kill is synonymous with a design to effect death. We think that the language of the indictment is a sufficient compliance with the statute, and, in any event, an insufficiency of the indictment that does not affect the jurisdiction of the court may not be raised by a petition for a writ of habeas corpus.[1]

Petitioner has alleged no grounds for the issuance of a writ of habeas corpus. The petition accordingly is denied.

Affirmed.

---

[1]Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4.