## STATE EX REL. OTIS HUSTON DILLARD v. RALPH H. TAHASH.

121 N. W. (2d) 602.

May 3, 1963—No. 38,571.

*John S. Connolly,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the district court discharging a writ of habeas corpus.

From the record it appears that on July 29, 1943, the relator was arraigned on an indictment charging him with murder in the first degree. He entered a plea of not guilty but later, accompanied by court-appointed counsel, he appeared in district court, withdrew the plea of not guilty, and entered a plea of guilty to murder in the second degree.

It appears that at the time of the offense, the relator was 20 years of age and employed as a janitor by the Northwestern Bell Telephone Company. He also had a part-time job. On July 4, 1943, he went to the shop of his part-time employer and asked him for a loan of 50 cents. He had previously borrowed money from him which he had not repaid. The request was accordingly refused. The relator testified, "I didn't pay any attention to it, I wasn't angry. He said something and I said something, but from the look in his eye I didn't know whether he was going to hit me or not. All I knew I was beating him." It is not disputed that as alleged in the indictment the relator beat his employer to death with an iron pipe. He thereupon took the victim's money, wallet, keys, and watch, and fled to Chicago. He was later apprehended and returned to Minnesota for prosecution. Upon his plea of guilty to the offense of murder in the second degree, he was sentenced to life in prison.

■ The first point raised is that the relator was denied due process because of the failure of the district court to comply with the provisions of Minn. St. 630.30. That statute provides:

"When any person charged with crime shall be permitted by any court or magistrate to plead guilty to a lesser degree of the offense than that [with] which he is charged, or to a lesser offense included within the offense with which he is charged, the reasons for the acceptance of such plea shall be set forth in an order of the court directing such acceptance and entered upon the minutes, and any recommendations of the county attorney or other prosecuting officer in reference thereto,

with his reasons therefor, shall be stated in writing and filed as a public record with the official files of the case."[1]

It appears that the trial court inadvertently failed to note in its records the reasons for accepting the plea of guilty to a lesser offense than that charged.

The state argues that the statute is directory and that its provisions are intended for the protection of the public and not for the defendant. We agree with this contention. An examination of the legislative history of the act indicates that its enactment was prompted by a report of the Minnesota Crime Commission appointed by Governor Theodore Christianson on January 6, 1926.[2] This report found that there was no adequate provision for "public information concerning the actual administration of the criminal law. Without such information, the public cannot be expected to exert any effective pressure in its own interest." The commission concluded:

"We believe that publicity of record of all criminal proceedings is of the highest importance, to the end that the light may be thrown in at all times, and we recommend:

"That a public record in writing be made of the nolle or dismissal of an indictment or information, giving the reasons therefor.

"That a public record in writing be made of the acceptance of a plea of guilty of an offense less than that charged, giving the reasons therefor."

On March 16, 1927, the Committee on Crime Prevention introduced in the legislature House File No. 1087, "A bill for an act relating to criminal procedure, requiring certain records in relation to the acceptance of pleas of guilty in certain cases." This bill was passed in the house on April 7 and by the senate on April 18, 1927. It was approved April 19, 1927.

It is apparent that the requirement that reasons for acceptance of a plea to a lesser offense than that charged be stated is a rule of proce-

---

[1] L. 1927, c. 255, enacted Minn. St. 630.30. This statute has never been changed.

[2] See, Minnesota Crime Commission Report, January 1927.

dure that the legislature has provided for the information of the public. In practice this rule has been followed by the district courts of this state. It is in line with a policy that the full and open disclosure of reasons which justify acceptance of such a plea will discourage special deals and promote the ideal of evenhanded justice in the administration of criminal law. In view of the purpose of the statute, it cannot be said that the failure to comply with it prejudiced the relator.

■ The relator's contention that the representation he received from his court-appointed counsel was so casual and perfunctory as to constitute a denial of a constitutional right is without merit. The circumstances of the relator's legal defense were fully considered by the trial court on application for the writ of habeas corpus. That court found:

"That the relator was properly represented by competent counsel at all stages of the proceedings in the District Court of Hennepin County, Minnesota."

In State ex rel. McGuire v. Tahash, 260 Minn. 334, 335, 109 N. W. (2d) 762, 763, we called attention to the provisions of the statutes by which habeas corpus is appealed from in the district court under §§ 589.29 and 589.30, and pointed out that:

"* * * the findings of the court below are entitled to the same weight as in any other case and are to be sustained if there is reasonable evidence to support them."

■ The particular complaint of the relator is that the court-appointed counsel should have, before sentence, requested the court to provide a mental examination of him pursuant to the provisions of § 631.18.[3]

---

[3]Section 631.18 provides: "When any person under indictment or information, and before or during the trial thereon and before verdict is rendered, shall be found to be insane, an idiot, or an imbecile, the court in which such indictment or information is filed shall forthwith commit him to the proper state hospital or asylum for safe-keeping and treatment; and when at such time any such person shall, in addition, be found to have homicidal tendencies, such court shall forthwith commit him to the Minnesota Security Hospital for safekeeping and treatment; and in either case the person shall be received and cared for at the institution to which he is thus committed until he shall recover, when he shall be returned to the court from which he was received to be placed on trial upon such indictment or information."

We find no merit to this claim. Aside from the violent nature of the offense to which the relator entered a plea of guilty, there is nothing to suggest mental incompetence on his part. By his brief and argument he does not claim that at the time he committed the offense he was in fact mentally incompetent within the provisions of § 631.18, nor does he claim that his mental faculties are impaired at the present time.

As we pointed out in State v. Pruitt, 264 Minn. 243, 247, 119 N. W. (2d) 32, 35, appellate courts are not disposed to give serious consideration to the charge of inadequate representation by counsel "where that charge rests upon the bald assertion of denial of the right when the defendant does not profess his innocence. * * * Here the trial court found that the accused had a fair opportunity to consult with competent, court-appointed counsel and be advised of his rights and that he freely admitted the commission of the offense charged."

Affirmed.