STATE v. ANDREW LEO OKSANEN.

149 N. W. (2d) 27.

February 24, 1967—No. 40,025.

104

*Andrew Leo Oksanen,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, *John C. Arko,* County Attorney, and *Mitchell A. Dubow,* Assistant County Attorney, for respondent.

NELSON, JUSTICE.

Appeal from a judgment of conviction.

A complaint was issued against the defendant-appellant on November 16, 1964, charging him with having committed the crime of aggravated robbery on November 13, 1964. After defendant was arrested and brought into municipal court for a preliminary hearing, he requested that counsel be appointed for his defense. This request was granted. On January 8, 1965, defendant appeared with counsel in the same court and waived preliminary hearing. He was thereafter, on the same day, arraigned in the District Court of St. Louis County pursuant to an information charging him with aggravated robbery. Aggravated robbery is defined in Minn. St. 609.245 as follows:

"Whoever, while committing a robbery, is armed with a dangerous weapon or inflicts bodily harm upon another is guilty of aggravated robbery and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both."

After some preliminary questioning by the district court and the reading of the information, counsel for defendant requested that he be allowed to plead to a lesser offense than that charged in the information, namely, simple robbery. This request was granted and the trial court questioned defendant as to his understanding of the difference between aggravated robbery and simple robbery. The court then read § 609.24, which defines the crime of simple robbery as follows:

"Whoever, knowing he is not entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome his resistance or powers of resistance to, or to compel acquiescence in, the taking or

carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both."

Defendant thereupon pleaded guilty to the crime of simple robbery, which plea was accepted by the court. No amended information had been filed by the state prior to the time of defendant's plea to the lesser offense. The court, however, directed the county attorney to prepare and file an amended information and ordered a presentence investigation. The prosecuting attorney served notice on defendant in behalf of the state that he might be sentenced to an extended term of imprisonment due to three prior felony convictions entered against him within 10 years preceding the commission of the crime for which he was to be sentenced.

Defendant was brought before the court for sentencing on February 11, 1965. The court at that time made it known to defendant that he came within § 609.16 as one who was "disposed to the commission of criminal acts of violence" and that "an extended term of imprisonment is required for [his] rehabilitation and for the public safety." The trial court thereupon sentenced defendant to imprisonment for not more than 30 years to run concurrently with a sentence of 10 to 80 years previously imposed for a prior conviction of robbery in the first degree.

The issues on this appeal are, first, whether the court below lacked jurisdiction to accept defendant's plea of guilty to simple robbery by reason of the fact that the information before the court at the time of accepting defendant's plea charged him with the commission of the crime of aggravated robbery; and, second, whether the instant case was a proper one for the sentencing of defendant to an extended term as a dangerous offender under § 609.16.

The record before us is clear that defendant requested and was thereupon allowed to plead guilty to the crime of simple robbery as set out in § 609.24. We find that the Advisory Committee Comment on § 609.24 (40 M. S. A. p. 282) states that "[o]nly two degrees have been provided for in the recommended sections—simple robbery and aggravated robbery." It is clear from the statutory definitions of the foregoing crimes that one must be guilty of simple robbery before one can be

guilty of aggravated robbery. It is thus clear that simple robbery is a lesser and included offense within the crime of aggravated robbery.

Section 609.04, subd. 1, provides:

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A lesser degree of the same crime; or

\* \* \* \* \*

"(4) A crime necessarily proved if the crime charged were proved."

Clearly, under the authority of § 609.04, subd. 1, defendant could have been convicted of simple robbery when charged with aggravated robbery.

■■■■ This court recently held in State ex rel. Isle v. Tahash, 260 Minn. 156, 109 N. W. (2d) 54, certiorari denied, 368 U. S. 906, 82 S. Ct. 188, 7 L. ed. (2d) 101, that where a person is charged in an indictment with commission of murder in the first degree the trial court, upon defendant's request, may permit him to plead guilty to a lesser degree of the offense charged in the indictment. We hold that this same rule applies here where we are dealing with a prosecution under an information rather than an indictment. This, we think, clearly disposes of the defendant's contention that prior to the filing of an information charging him with the crime of simple robbery the court lacked authority to accept a plea of guilty to a lesser degree of the offense charged in the information.

Defendant does not anywhere in his brief claim innocence. Furthermore, it should be obvious that the fact that the state did not object to the granting of his own request that he be permitted to plead to a lesser offense could only be to defendant's advantage and not a ground for complaint. Minn. St. 630.30, we think, contemplates that a defendant may be permitted to do precisely what the defendant was permitted to do in the instant case. The law in this state is that the trial court, upon defendant's own request, may permit him to plead guilty to a lesser degree of the offense with which he is charged. State ex rel. Isle v. Tahash, *supra;* State v. Levine, 146 Minn. 187, 178 N. W. 491; State ex rel. Crippen

v. Rigg, 256 Minn. 41, 96 N. W. (2d) 875; 5 Dunnell, Dig. (3 ed.) § 2442a.

While § 630.30 does direct that the reasons for the acceptance of the plea to a lesser degree shall be set forth in an order of the court and that the recommendations offered by the prosecuting attorney with respect to the plea and his reasons therefor shall be stated in writing, this court has, nevertheless, held that such requirements were not enacted for the benefit of the accused and that therefore the failure to comply with them does not amount to a denial of due process. State ex rel. Dillard v. Tahash, 265 Minn. 322, 121 N. W. (2d) 602. It should be noted, however, that in the instant case, while the prosecutor did not reduce his recommendations and reasons to writing, he did state them in open court and the court instructed the county attorney to file and serve a copy upon defendant of an amended information charging the lesser offense, stating its reasons for its instruction to the county attorney as follows:

"The Court: The Court is not of the opinion that this is necessary, but does it so there will be absolutely no question about the charge now pending insofar as the record is concerned and this Defendant is concerned."

The prosecution complied with the court's instruction.

It must be concluded upon the record herein that the court below had jurisdiction of the proceedings before it and that there was no error on its part in granting the defendant's own motion to enter a plea of guilty to a lesser degree of crime than that charged in the original information.

■ While defendant contends that the court erred in sentencing him to an extended term as a dangerous offender, we think the facts present a classic example for the application of § 609.16 in imposing sentence since defendant had already been convicted of three felonies within ten years prior to the commission of the crime which resulted in the issuance of the information charging him with aggravated robbery.

We are clearly of the opinion that the trial court did not abuse its discretion by sentencing defendant to an extended term of imprisonment under § 609.16. It seems to us that defendant ought not to complain of the imposition of an extended term of imprisonment where the court, in

its discretion, exercised leniency in requiring that the sentence imposed be served concurrently with his prior first-degree robbery sentence under which he is presently imprisoned. There was, under the circumstances, no abuse of discretion on the part of the trial court in its application of the recidivist statute.

Affirmed.