## STATE v. LOUIS RICHARDSON.

158 N. W. (2d) 261.

April 19, 1968—Nos. 40,314, 40,615.

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a judgment of conviction in Beltrami County (40,314) and from an order discharging a writ of habeas corpus in Washington County (40,615).

On September 14, 1965, petitioner was sentenced to not more than 5 years' imprisonment following his conviction after a plea of guilty to the charge of indecent assault, a lesser included offense of the crime of rape originally charged by information filed on August 12, 1965.

On June 2, 1966, petitioner filed pro se a petition for a writ of habeas corpus, claiming a denial of his constitutional rights. He alleged in substance that he was denied the right to be free from self-incrimination by a failure to afford the assistance of counsel during interrogation, and that as a result he gave the police incriminating statements and these statements induced him to plead guilty. He also asserts that his court-appointed counsel was inadequate during the proceedings resulting in his conviction and that he was illegally removed from North Dakota to Minnesota without extradition proceedings.

At a plenary evidentiary hearing held on June 17, 1966, at which petitioner was represented by the public defender, he alone testified in his behalf, and one of the officers who questioned petitioner before any charge was filed testified for the state. It appears that petitioner was arrested and convicted by North Dakota authorities for drunkenness and, while serving a 10-day jail sentence in Grand Forks, was questioned by two police officers from Bemidji in connection with the death of one Marion Kelly. During the interrogation, he was cleared of any involvement in the death but voluntarily disclosed facts upon which a charge of rape was subsequently filed. Although he returned to Bemidji with the police officers, he was not arrested and went to his sister's home there. About a week or 10 days after his return, on August 9, 1965, he was arrested and charged with rape. Upon his appearance in the Bemidji municipal

court, counsel was appointed to represent him and he was bound over to district court. Upon arraignment in district court on August 12, 1965, he entered a plea of not guilty to rape, but, with the consent of the prosecution, he pled guilty to the lesser included offense of indecent assault. The 5-year sentence was imposed on September 14, 1965, following receipt of a presentence investigation report.

As the record of the proceedings in district court shows, before accepting petitioner's plea to the lesser offense, the trial court inquired as to the adequacy of his legal counsel and his understanding of the charge. Petitioner told the court that his counsel had advised him of the charge and that he had ample opportunity to confer with counsel. After tendering his plea of guilty, he then admitted facts constituting the essential elements of an indecent assault. He stated that while Marion Kelly was in a state of semiconsciousness and without her consent, he had attempted on the day before her death to have sexual intercourse with her.

In denying the petition for habeas corpus, the habeas court found that petitioner was adequately represented by counsel, that he was fully advised of his rights to counsel and to remain silent before he was questioned in North Dakota and that in any event his plea had not been induced by any incriminating statements made to the officers or the prosecuting attorney, and that he was not illegally removed from North Dakota to Minnesota.

It is well-settled that a claimed violation of constitutional rights which is found not to have induced a guilty plea does not justify release upon a writ of habeas corpus. State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174. Upon petitioner's conflicting testimony alone, the habeas court could have found, as it did, that any inculpatory statements made to the police officers or to the prosecutor neither induced nor formed the basis of his conviction. Rather, it was founded upon his voluntary admissions of the essential elements of the offense to which he pled guilty in open court.

The petitioner's assertion that his court-appointed counsel was ineffective is likewise without merit. The habeas court found the representation to be adequate by reason of petitioner's own testimony. On cross-examination at the habeas hearing, he testified that he had told the sentenc-

ing court that he had had ample time to consult counsel, that he had been advised of all matters concerning the case, and that he had conferred with his counsel on the question of his guilty plea. Moreover, the record demonstrates that his court-appointed counsel had a comprehensive knowledge of the facts and of petitioner's background and faithfully represented defendant by securing a reduction in the charge. Such a performance does not constitute an affirmative showing of inadequacy. The trial court could reasonably have found that the representation was adequate. State ex rel. Dillard v. Tahash, 265 Minn. 322, 121 N. W. (2d) 602.

Finally, it is also clear that the evidence supports the finding of the habeas court that petitioner had not been illegally removed from North Dakota. In direct conflict with his testimony that the officers required him to return to Bemidji, the officer testified that petitioner was not under arrest and that he accompanied them at his request to return to his sister's residence to obtain his veteran's pension check. Additionally, this issue of jurisdiction over the person, sought to be raised for the first time in a postconviction proceeding, is controlled by the well-settled rule recently applied in State v. Johnson, 277 Minn. 230, 152 N. W. (2d) 768, and State v. Porter, 274 Minn. 419, 144 N. W. (2d) 260.

Judgment and order affirmed.