ANDREW LEO OKSANEN v. STATE.

184 N. W. (2d) 1.

February 19, 1971—No. 41435.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *John C. Arko,* County Attorney, and *Thomas J. Bieter,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, Frank T. Gallagher, and Rosengren, JJ.

PER CURIAM.

This is an appeal from a judgment denying petitioner relief from the imposition of concurrent sentences of 10 to 80 years and 30 years, arising out of separate convictions for robbery occurring in the years 1958 and 1965.

Because of prior felony convictions, the petitioner's sentence in 1958 was doubled under our former Habitual Offender Act, Minn. St. 1961, § 610.28. The 1965 conviction resulted in a finding that petitioner was a dangerous offender under Minn. St. 609.155 and 609.16, and consequently a sentence of 30 years was imposed to run concurrently with

his previous sentence. Each of these offenses occurred at a time when petitioner was on parole.[1]

Because the Habitual Offender Act, Minn. St. 1961, § 610.28, has been repealed and is now replaced by the so-called Dangerous Offender Act, Minn. St. 609.155 and 609.16, petitioner claims he is denied equal protection of the laws under the State and Federal Constitutions. It seems to be his position that he should be given the retroactive benefit of the new statute, which would reduce his maximum term from 80 years to 30 years. He cites no authority for this proposition, and we are aware of none. State ex rel. Atkinson v. Tahash, 274 Minn. 65, 70, 142 N. W. (2d) 294, 298.

Nor do we find merit in the contention that the length of his sentence constitutes cruel and unusual punishment in violation of U. S. Const. Amend. VIII. This is not a case where the sentence is so "flagrantly in excess of what justice and common humanity would approve" that we boggle at its severity. State v. Moilen, 140 Minn. 112, 117, 167 N. W. 345, 347. Petitioner has demonstrated the very disposition to commit criminal acts of violence which the statute was designed to deter.

Finally, petitioner argues that the legislature did not intend that both of petitioner's sentences should be extended for the same prior offenses. He supports his position with a quotation from Advisory Committee Comment on § 609.155, 40 M. S. A. p. 149, which states in part:

"These requirements are intended to assure that the habitual offender act is applied only in those cases of the serious offender who for his own sake or in the interest of the public should be confined for a period longer than the maximum provided by the statute violated and that it should not be applied to the offender who is guilty of two or more isolated criminal acts and not otherwise shown to be disposed to criminal behavior dangerous to the public."

Suffice it to say that defendant's record is not one of isolated criminal acts not shown to be related to criminal behavior dangerous to the public. Since 1955 he has been convicted of four felonies, two of them for robbery while on parole. Under such circumstances we find no impropriety in treating petitioner as a dangerous offender.

Affirmed.

---

[1] We reviewed the second sentence in State v. Oksanen, 276 Minn. 103, 149 N. W. (2d) 27, certiorari denied, 389 U. S. 870, 88 S. Ct. 151, 19 L. ed (2d) 149, and held it was an appropriate case for the application of Minn. St. 609.16.