STATE EX REL. RAYMOND JOSEPH WHITE v. R. H. TAHASH.

111 N. W. (2d) 523.

November 10, 1961—No. 38,385.

---

*Raymond Joseph White,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

DELL, CHIEF JUSTICE.

Relator appeals from an order of the district court discharging a writ of habeas corpus and remanding him to the custody of respondent. He contends that he is unlawfully imprisoned in the State Prison under an invalid judgment of conviction. He further claims that Minn. St. 610.33 was disregarded in the imposition of sentence, and also, that he was not adequately represented by counsel.

On September 6, 1956, an information was filed in the District Court of Hennepin County charging him with the crime of using an automobile without permission of the owner. On that same day he was arraigned and entered a plea of not guilty. After waiving the right to a jury trial he was tried by the court and on October 15 was found guilty as charged. On October 29 he was arraigned on another information charging him with three prior felony convictions to which he entered a plea of guilty. Thereafter he was sentenced to the State Prison for a term not exceeding 5 years.

■ Relator's claim of inadequate representation applies only to the third prior felony conviction just mentioned. This conviction occurred on August 31, 1955. It arose out of an information filed on August 17, 1955, also charging him with the crime of using an automobile without permission of the owner. He was arraigned on that offense on August 17, 1955, and entered a plea of not guilty. On August 31, 1955, he withdrew his plea and entered a plea of guilty. He also pleaded guilty to an information charging two prior felony convictions.

Relator claims that the public defender, his appointed attorney, did not advise him, at the time he pleaded guilty, of his right to a jury trial; also as to the significance and importance of his prior convictions, and further claims that his attorney was inadequate in other respects. Relator, however, according to his own testimony given at the habeas corpus hearing, did consult with the public defender at the jail

and the public defender obtained from him a copy of the information furnished to relator by the court. The public defender further obtained from relator a copy of a statement given by him to the police setting forth his participation in the crime charged. Prior to the hearing of August 31, 1955, relator and his counsel, the public defender, discussed the possibility of probation. Relator informed his counsel that he was willing to plead guilty if, as a part of the sentence, he was put on probation after a year's confinement. Later the public defender told him that probation seemed likely. At that time his counsel recommended that he plead guilty.

It clearly appears that relator was given a full opportunity to consult with his attorney and he did, in fact, do so before changing his plea. It further appears that the public defender's advice concerning the probability of probation was sound since relator was put on probation. His claim now, that he did not understand the nature of his plea and did not know of his right to a jury trial, is wholly unsupported by the record, particularly in the light of his previous criminal experience and record. Relator's unsupported assertions, without more, are wholly insufficient to overcome the presumption of regularity which attaches to a judgment of the court. See, State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657. His other contentions in this regard relate to matters which are subject to review on appeal and are not properly before us in habeas corpus proceedings. State ex rel. Munnell v. Rigg, 260 Minn. 509, 110 N. W. (2d) 294; State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N. W. (2d) 1. Since, however, relator appears pro se, we have carefully considered them and they are clearly without any merit at all.

■ On August 31, 1955, relator, as provided by statute, was sentenced to confinement in the State Prison for an indefinite period but not exceeding 10 years. The sentence, however, was partially stayed and he was placed on probation for 5 years, probation to commence after he had served 1 year in the county workhouse. Later relator violated the terms of probation and, on October 15, 1956, the court ordered that the stay of execution be vacated and a warrant of commitment was issued. This warrant was not delivered to the warden of the State Prison until November 2, 1956, relator having already been

committed to the prison on October 30, 1956, under a warrant of commitment issued pursuant to relator's conviction on October 29, 1956.

Relator claims that the sentence and punishment imposed violate Minn. St. 610.33 which provides:

"When a person shall be convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction shall commence at the termination of the first or other prior term or terms of imprisonment to which he is sentenced; and when a person while under sentence for felony commits another felony, and is sentenced to another term of imprisonment such latter term shall not begin until the expiration of all prior terms."

Since one of the sentences under consideration was imposed in 1955 and the other in 1956, relator did not stand convicted of two or more offenses before sentence was pronounced for either. Consequently, § 610.33 does not apply.

Relator has not been denied due process of law and, it appearing affirmatively from the record that the trial court had jurisdiction of the person and subject matter, the writ was properly discharged.

Affirmed.