STATE EX REL. JOHN ALFRED LEE v. RALPH H. TAHASH.

131 N. W. (2d) 214.

November 13, 1964—No. 39,224.

*John S. Connolly,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Special Assistant Attorney General, for respondent, warden of State Prison.

ROGOSHESKE, JUSTICE.

Appeal from an order of the District Court of Washington County denying the petition of John Alfred Lee for a writ of habeas corpus.

Petitioner is confined in the State Prison under a sentence imposed by the District Court of Beltrami County. He was convicted on September 11, 1956, following a plea of guilty to the crime of assault in the first degree. The sentence imposed was for a term of not less than 10 nor more than 20 years, the maximum and minimum terms for first-degree assault having been doubled by reason of his plea to an additional information whereby he acknowledged that he had

previously been convicted in California of the crime of assault with intent to commit rape. Had the penalty not been increased as authorized by Minn. St. 610.28, he would be entitled to release as he has now served the 10-year maximum term, with credit for good behavior, permitted to be imposed for first-degree assault.[1]

Petitioner attacks the validity of the prior-felony information upon the claim that the information charged him with a "nonexistent" crime of "second offender" and, in any event, the out-of-state crime would not be a felony if committed in this state.

After alleging petitioner's September 11 conviction of first-degree assault, the information, filed pursuant to § 610.31, reads as follows:

"That on the 17th day of April, 1950, in the Superior Court, Contra Costa County, State of California, he, the said John Alfred Lee, was duly convicted of the crime of assault with intent to commit rape committed by said John Alfred Lee on or about the 21st day of February, 1950, in the County of Contra Costa, State of California, and that the judgment of conviction was duly entered thereon and has not been set aside or reversed. And all contrary to the form of the statute in such cases made and provided, the same being M. S. A. 610.28, and against the peace and dignity of the State of Minnesota."

Upon arraignment, petitioner acknowledged that he had been so convicted, whereupon the court imposed the following sentence:

"IT IS ADJUDGED AND DECREED that you, John Alfred Lee, as punishment for the crime of assault in the first degree to the commission of which you have been found guilty upon your own plea of guilty as charged in this information, and having confessed and acknowledged in open court you were previously convicted of the crime of assault in the first degree on or about the 17th day of April, 1950, in the Superior Court of the County of Contra Costa, State of California, which crime would be punishable by imprisonment in our own penitentiary, as also charged in the information, to which you likewise pleaded guilty, you are hereby adjudged guilty of the crime of assault

---

[1] Minn. St. 619.37.

in the first degree, AND IT IS THE SENTENCE OF THE LAW AND THE JUDGMENT OF THIS COURT that your punishment for said crime; namely assault in the first degree, be and the same is hereby increased by reason of your previous felony conviction and that you be punished by confinement in the state prison in the State of Minnesota at Stillwater at hard labor for a period not less than ten nor more than twenty years, or until you are discharged therefrom by due course of law or other competent authority."

The clerk, in certifying to the minutes of the proceedings, reported that petitioner was charged with, and adjudged guilty of, "the crime of Second Offender under M. S. A. 610.28." Although the allegations of the information do not use this term, it does close with the statement that such prior conviction is contrary to § 610.28, which section of the Habitual Criminal Act simply directs a sentence of twice the minimum and maximum terms for a second offense. Apparently, it is this part of the record upon which petitioner bases his claim that he was charged and convicted of the crime of "second offender." The record does not support this contention.

Petitioner relies on State ex rel. Hansen v. Rigg, 258 Minn. 388, 104 N. W. (2d) 553, where it was held improper to charge an accused with being a habitual offender. Unlike that case, petitioner here was neither charged nor sentenced for an offense defined as "second offender." Contrary to the clerk's minutes, the information charged the existence of a previous out-of-state felony conviction. It merely informed the court of petitioner's status which, if true, justified an increased punishment for the underlying substantive offense. Under the requirements laid down in State ex rel. O'Neill v. Tahash, 265 Minn. 407, 122 N. W. (2d) 165, the information is clearly sufficient. As is manifest from the language of the sentence (reaffirmed by the transcript of the proceedings), petitioner was not sentenced for assault in the first degree because of his previous conviction; only the penalty for the underlying offense was increased by reason thereof.

■ The crime for which petitioner was previously convicted in California is defined in California Penal Code Ann. § 220, as follows:

"Every person who assaults another with intent to commit rape * * * is punishable by imprisonment in the State prison not less than one year nor more than twenty years."

Minn. St. 619.38, in effect at the time of the California conviction, prohibits an assault upon another with intent to commit a felony and provides that upon conviction punishment may be by imprisonment in the State Prison. Section 610.01 defines a felony as including a crime punishable by imprisonment in the State Prison. Section 617.01 declares that rape is punishable by imprisonment in the State Prison. In State ex rel. Guren v. Grimes, 245 Minn. 241, 245, 71 N. W. (2d) 885, 887, we said:

"When our penal code was adopted, the crime of assault with intent to commit the specific crime of rape was dropped and a general statute encompassing all felonies adopted in its place. The language of M. S. A. 619.38(5) is identical with § 187(5) of the penal code. It seems clear therefore that the crime of assault with intent to commit the specific crime of rape, as it existed prior to the adoption of the penal code, is now included in the crime of assault with intent to commit a felony."

It follows that assault with intent to commit rape as defined in California is included within the crime of assault with intent to commit a felony under our code. Thus, the California crime would have been punished as a felony if committed in Minnesota, and the court had jurisdiction to increase the penalty for the underlying offense of assault in the first degree.

Affirmed.