STATE EX REL. RAYMOND JOSEPH WHITE v.
RALPH H. TAHASH.

136 N. W. (2d) 89.

May 28, 1965—No. 39,552.

*Raymond Joseph White,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, and *Charles E. Houston,* Special Assistant Attorney General, for respondent, warden of State Prison.

SHERAN, JUSTICE.

Appeal from an order of the District Court of Washington County denying the petition of Raymond J. White for a writ of habeas corpus.

The confinement which White contests resulted from a conviction entered on August 31, 1955.[1] White entered a plea of guilty to an information charging him with operating an automobile without permission of the owner. He also plead guilty to an information charging him with two prior offenses and, by application of the recidivist statute,[2] his sentence was increased from 5 to 10 years.

---

[1] This conviction was previously reviewed by this court in an opinion written by Mr. Chief Justice Dell. State ex rel. White v. Tahash, 261 Minn. 267, 111 N. W. (2d) 523.

[2] The statute applicable at the time this conviction was entered was Minn. St. 1961, § 610.28, which provided: "Every person who, after having been convicted in this state of a felony or an attempt to commit a felony, or, under the laws of any other state or country, of a crime which, if committed in this state, would be a felony, commits any felony or attempts to commit any felony, in this state, upon conviction thereof, shall be punished as follows:

"(1) If the subsequent crime is such that the offender, upon a first conviction, might be punished by a definite sentence of imprisonment for life, he shall be sentenced to imprisonment in the state prison for life;

"(2) If the subsequent crime is such that upon a first conviction the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence

The information which he attacks sets out the prior offenses charged:

"The said Raymond Joseph White, the identical defendant named in this Information, was on or about the 30th day of October, 1951, charged in a court of competent jurisdiction at Hillsborough County, Florida, with the crime of Armed Robbery; thereafter said defendant was duly convicted of said crime, and as punishment therefor, was sentenced by said court to be confined in the State Prison for a term of five years, or until thence discharged by due course of law or by competent authority.

"The said Raymond Joseph White, the identical defendant named in this Information, was on or about the 9th day of November, 1951, charged in a court of competent jurisdiction at Union County, Florida, with the crime of unarmed robbery; thereafter said defendant was duly convicted of said crime, and as punishment therefor, was sentenced by said court to be confined in a State Penal Institution for a term of five years, or until thence discharged by due course of Law or by competent authority, and that the judgments before mentioned have never been set aside or reversed."

■ The question raised by this appeal is whether the information above quoted sets out a crime which, if committed in Minnesota, would have been a felony. From a review of the record before us we are satisfied that only one of the convictions charged in the information was entered against petitioner. He was convicted of unarmed robbery in 1951 in Tampa, Florida.

In reviewing this case it is our duty to determine whether the crime of unarmed robbery as defined in the Florida statutes would have been a felony if committed in Minnesota.

In doing this we take judicial notice of the statute of Florida which defines unarmed robbery.[3]

for not less than twice the shortest term, nor more than twice the longest term, prescribed upon a first conviction; provided, that nothing herein shall reduce any minimum sentence now or hereafter fixed by any other law of this state."

[3]Minn. St. 599.04 provides: "Every court of this state shall take judicial

The Florida statute in effect at the time of White's 1951 conviction in that state was Fla. Stat. 1949, § 813.02, which provides:

"Whoever, whether armed with a dangerous weapon or not, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person of another, money or other property which may be the subject of larceny, such robber not having the intent if resisted to kill or maim the person robbed, shall be punished by imprisonment in the state prison not exceeding fifteen years."

"Property which may be the subject of larceny" is defined in Fla. Stat. 1951, § 811.021(1) (a), to include "any money, personal property, goods and chattels, thing in action, evidence of debt, contract, or property, or article of value of any kind."

Crimes, including felonies, are defined in Minn. St. 1961, § 610.01, as follows:

"A crime is an act or omission forbidden by law, and punishable upon conviction by death, imprisonment, fine, or other penal discipline. Every crime which may be punished by death, or by imprisonment in the state prison or state reformatory, is a felony. Every crime punishable by fine not exceeding $100, or by imprisonment in a jail for not more than 90 days, is a misdemeanor. Every other crime is a gross misdemeanor."

It is clear that any act or combination of acts constituting "unarmed robbery" under the law of Florida would be a felony under the law of Minnesota.[4]

---

notice of the common law and statutes of every state, territory, and other jurisdiction of the United States."

[4]Minn. St. 1961, § 619.41, provides: "Robbery is the unlawful taking of personal property from the person of another or in his presence, against his will, by means of force or violence, or fear of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family, or of any one in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force used is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking from the person of another con-

For this reason it is our opinion that the sentence imposed was justified. State ex rel. O'Neill v. Tahash, 265 Minn. 407, 122 N. W. (2d) 165, is controlling.

■ Even if our finding in the present case were otherwise, White is not entitled to release because he is presently confined under an order of commitment which is the result of a conviction entered against him in January 1962 and which is unrelated to any of the convictions referred to previously.

■ Having in mind Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799, 93 A. L. R. (2d) 733, we have directed our attention to the conviction entered in Florida to determine whether or not petitioner's right to counsel was protected in the proceedings which resulted in that conviction. Our reason for so doing is found in United States v. LaVallee (2 Cir.) 330 F. (2d) 303, where it was held that prior convictions against a defendant are to be disregarded when applying recidivist statutes if the prior convictions were entered without defendant's knowledge of his right to counsel. However, the record indicated that he was represented by counsel in the Florida proceedings and, this being so, the problem does not occur here.

Affirmed.

---

stitutes robbery when it appears that, although the taking was fully completed without his knowledge, such knowledge was prevented by the use of force or fear."