STATE of Minnesota, Respondent,

v.

Gary Ronald HIGGINBOTHAM, Appellant.

No. C9–84–524.

Supreme Court of Minnesota.

May 4, 1984.

Lawrence Laine, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, Ramsey County Atty., Steven C. DeCoster, Asst. Ramsey County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal that challenges an upward durational departure imposed in an aggravated robbery case.

In 1972 defendant was found guilty of second-degree murder for the intentional shooting and killing of a man who had used a racial epithet against a female acquaintance of defendant. The trial court sentenced defendant to 40 years in prison, the statutory maximum for second-degree murder. We affirmed defendant's conviction in *State v. Higginbotham*, 298 Minn. 1, 212 N.W.2d 881 (1973).

Defendant was paroled to a halfway house on May 22, 1981, but was dismissed from the program on June 3, 1981, and returned to prison on June 9, 1981.

Defendant was paroled to another halfway house on September 14, 1981. He absconded from that program 1 week later and a warrant for his arrest was issued. On December 2, 1981, St. Paul police spotted defendant and tried to arrest him, but he fled in his car. During the chase defendant lost control of his car and crashed into another car, causing minor injuries to a passenger in that car. Defendant fled on foot but was caught. Police found defendant's jacket nearby with a loaded .25-caliber revolver wrapped in it. Defendant was charged with, and later convicted of, fleeing a police officer in a motor vehicle and unlawful possession of a firearm.

As a result of further investigation defendant was charged with having committed the aggravated robbery of the Capitol Pharmacy at 590 Park Avenue in St. Paul on November 9, 1981. It is the sentence for that offense that defendant is appealing.

Defendant was convicted of the robbery charge after a jury trial. We do not have a trial transcript. However, it is apparently undisputed that the robbery was a typical drug store robbery, with defendant, who was identified as the robber, wielding a .357-magnum pistol and demanding certain named controlled substances. Defendant made off with percodan, talwin, seconal, and $120 in cash.

Defendant was sentenced first for the offenses of fleeing a police officer in a motor vehicle and unlawful possession of a firearm. The court sentenced him to separate terms of 16 months and a year and a day, with the sentences to run concurrently with each other and consecutive to any time defendant was required to serve on the 1972 murder sentence, for which parole was revoked.

■ The robbery case then came on for sentencing before a different judge. The sentencing worksheet gave defendant a criminal history score of four (one custody point, one misdemeanor/gross misdemeanor point, and two felony points).[1] Aggrava-

---

**1.** Defendant questions this computation, arguing that the two offenses committed on December 2 were part of a single behavioral incident and that therefore he should have been sentenced for only one of the two offenses. We believe that the trial court was justified in sentencing defendant for both offenses committed on December 2. In *State v. Clement*, 277 N.W.2d 411 (Minn.1979), we held that Minn. Stat. § 609.035 did not bar serial prosecution of a defendant for possessing a disabling chemical and for driving while under the influence, since the motivations underlying the two offenses were different. In this case the motivation for fleeing the police apparently was independent of the motivation for possessing the gun. Under the circumstances, it appears that defendant properly received two gross misdemeanor units for the offense of fleeing a police officer and one felony point for the offense of unlawful possession of a firearm.

ted robbery is a severity level VII offense. The presumptive sentence for a severity level VII offense by a person with a criminal history score of four at the time of sentencing is an executed term of 65 (60–70) months in prison. However, defendant was subject to a mandatory minimum term of 5 years in prison under Minn.Stat. § 609.11, subd. 5, this being his second conviction of one of the offenses listed in subdivision 9 while armed with a firearm. Under Minnesota Sentencing Guidelines and Commentary, II.E. (1982), this translated into a presumptive sentence of 90 months in prison.

At the departure hearing the prosecutor started by stating that, although consecutive sentencing normally would be proper under Minnesota Sentencing Guidelines and Commentary, II.F.1 (1982),[2] in this case it was not possible because defendant was still subject to the 40-year prison term imposed in 1972 and because Minn.Stat. § 609.15, subd. 2, provides that "If the court specifies that the sentence shall run consecutively, the total of the terms of imprisonment imposed, other than a term of imprisonment for life, shall not exceed 40 years." The prosecutor argued, however, that the court was free to depart durationally and he urged the court to double the presumptive sentence duration. Defense counsel argued that this was a typical aggravated robbery and he urged the court to impose the presumptive sentence of 90 months.

The trial court departed durationally, imposing a concurrent sentence of 135 months rather than the 180 months sought by the state. The court admitted that none of the listed aggravating circumstances were present but stated that the departure was nonetheless justified by the fact that within a 6-month period defendant not only twice failed on parole but committed a total of three felony offenses resulting in convictions. The court stated, "[I]t is one thing if you are out on parole for six years and then commit another Aggravated Robbery or if you are out for six months or a year or two years or something like that. But for this defendant and that extremely tight close sequence of time, it seems to me has to mandate something over and above what would normally be the presumptive sentence and that is the only reason I have for departing."

In his brief on appeal, defendant seeks a reduction of his sentence to 90 months.[3]

We agree with defendant that the record fails to establish the presence of any aggravating circumstances justifying a durational departure. The trial court believed that a qualitative analysis of defendant's criminal history justified using it as a ground for departure. We expressly rejected this same argument in *State v. Magnan*, 328 N.W.2d 147 (Minn.1983), stating:

> Generally the sentencing court cannot rely on a defendant's criminal history as a ground for departure. The Sentencing Guidelines take one's history into account in determining whether or not one has a criminal history score and, if so, what the score should be. Here defendant's criminal history was already taken into account in determining his criminal history score and there is no justification for concluding that a qualitative analysis of the history justifies using it as a ground for departure. *State v. Erick-*

2. Section II.F.1. provides that consecutive sentencing does not constitute a departure "When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines."

3. There are papers in the file indicating that the trial court was informed of the recent retroactive amendment of Section II.E. of the Guidelines requiring that 5-year minimum terms un-

der section 609.11 be sentenced at 60 (not 90) months or the duration provided in the appropriate cell of the Sentencing Guidelines Grid, whichever is longer. This meant that the new presumptive sentence was 65 (60–70) months, not 90 months. The trial court refused to modify defendant's sentence, which still was less than twice the maximum amount that could be imposed if aggravating circumstances were present. *State v. Evans*, 311 N.W.2d 481 (Minn. 1981).

*son,* 313 N.W.2d 16 (Minn.1981); *State v. Barnes,* 313 N.W.2d 1 (Minn.1981). 328 N.W.2d at 149–50. We have also held that a durational departure (or a departure with respect to consecutive service) cannot be justified by a defendant's obvious unamenability to probation or his dangerousness. Both of these factors are perpetrator-related factors that bear only on a decision whether to depart dispositionally. *State v. Ott,* 341 N.W.2d 883 (Minn.1984); *State v. Heywood,* 338 N.W.2d 243 (Minn. 1983); *State v. Gardner,* 328 N.W.2d 159 (Minn.1983); *State v. Park,* 305 N.W.2d 775 (Minn.1981).

The departure would have been justified if the defendant committed the offense in a particularly serious way. The only thing that might distinguish the robbery from the typical aggravated robbery is the fact that drugs were taken. That, however, is not, by itself, a sufficient distinguishing basis. *See State v. Magnan,* 328 N.W.2d 147 (Minn.1983), and *State v. Schantzen,* 308 N.W.2d 484 (Minn.1981).

We believe, however, that the parties were wrong in thinking that section 609.15, subd. 2, barred the use of consecutive sentencing in this case. Defendant was no longer subject to the 40-year sentence but to what was left of the 40-year sentence after giving him credit for the time he had already served (about 10 years). Under Section II.F. of the Guidelines, the court was free to use consecutive sentencing, determining the sentence duration for the current conviction "by locating the severity level appropriate to the current conviction offense and the zero criminal history column or the mandatory minimum, whichever is greater." In this case the duration of the mandatory minimum term (60 months) is greater than the duration obtained by locating the current offense severity level and the zero criminal history column (24 months). We reduce defendant's sentence to 60 months but make it run consecutively to the time remaining on the sentence for the 1972 murder conviction.

Affirmed as modified.