**STATE of Minnesota, Appellant,**

v.

**Kenneth E. KORNEXL, Respondent.**

**No. C2–84–641.**

Court of Appeals of Minnesota.

July 3, 1984.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Raymond F. Schmitz, Olmstead County Atty., Rochester, for appellant.

Kevin A. Lund, Rochester, for respondent.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

The State of Minnesota appeals the sentence imposed by the district court upon conviction of Kenneth Kornexl of criminal sexual conduct in the fourth degree. The trial court ruled that a prior conviction in New Hampshire of sexual assault upon a female child under 14 years of age did not constitute a prior offense such as to justify invocation of the mandatory three-year minimum sentence imposed by Minn.Stat. § 609.346 because the crime was classified as a misdemeanor in that state. The State urges that this construction of our subsequent offenses statute is in error. We agree and reverse.

## ISSUE

Did the trial court err in ruling that the New Hampshire conviction could not be considered a prior offense for the purpose of invoking the mandatory minimum sentence statute because it was a misdemeanor?

## FACTS

The respondent adopted the statement of facts submitted by the State and, in part material, we do the same:

The defendant, Kenneth E. Kornexl, was convicted by a jury of a violation of Minn. Stat. § 609.345(b), criminal sexual conduct in the fourth degree. The court ordered a presentence investigation and sentencing was continued to obtain details of a conviction in the State of New Hampshire. A sentencing worksheet was prepared by the Department of Corrections indicating that the presumptive sentence was 36 months in prison based upon a criminal history score of three and the existence of a prior conviction for a sexual assault.

At the sentencing hearing there was furnished to the court certified copies of a conviction from the Conway New Hamp-

shire District (Municipal) Court indicating that on July 26, 1975, the defendant, Kenneth Kornexl, committed the offense of sexual assault contrary to RSA 632:3 of the laws of the State of New Hampshire; specifically, that he did penetrate the vagina and rectum of a female child, to wit: Vera Kornexl, with his finger, said female child being under the age of 14 years. The defendant entered a plea of guilty and was committed to the House of Corrections at hard labor for a period of 30 days. The abstract of findings indicates that the defendant was represented by counsel. Also furnished to the court at that time was a copy of the statutes of the State of New Hampshire effective in September 1975, specifically, RSA 632:3, indicating that this offense is a misdemeanor and a copy of RSA 651:2, which indicates that a misdemeanor was defined in 1975 to be punishable by up to one year imprisonment.

The court ruled that as the New Hampshire conviction was a misdemeanor, it could not be used to invoke our minimum sentencing statute under § 609.346. The sentencing court determined that the presumptive disposition is a stay and the presumptive length of such stay is 21 months. Pursuant to that finding, the court then stayed the execution of sentence for a period of 21 months and placed the defendant on probation.

## DISCUSSION

The question of what constitutes a prior conviction under a similar statute appears to be a case of first impression. Our analysis has convinced us that the legislature intended that a substantive comparison of statutes should govern rather than a mere determination of the appropriate level of crime or classification of offense.

Minn.Stat. § 609.346 provides in part material:

For the purposes of this section, an offense is considered a second or subsequent offense if, prior to conviction of the second or subsequent offense, the

28

actor has been at any time convicted under sections 609.342 to 609.346 or sections 609.364 to 609.3644 *or under any similar statute of* the United States, or this or *any other state.*

Minn.Stat. § 609.346(2) (emphasis added).

In the definitions section at the beginning of the Criminal Code, Minn.Stat. § 609.02(11) provides:

"Second or subsequent violation" or "second or subsequent offense" means that prior to the commission of the violation or offense, the actor has been adjudicated guilty of a *specified* similar violation or offense.

(Emphasis added). The effect of this definition is to allow the underlying statute (in this case § 609.346) to define the type of offense or violation and the sanction that will result. Similarly, the underlying statute should determine whether an out-of-state conviction constitutes a similar offense.

Until 1963 Minnesota had a statute called the Habitual Criminal Act, Minn.Stat. § 610.28, which was a typical recidivist statute. It doubled the sentence for a felony conviction if the defendant had a prior felony conviction. In *State ex rel. Lee v. Tahash,* 269 Minn. 441, 131 N.W.2d 214 (1964), the defendant was convicted of first-degree assault in Minnesota. A California conviction for assault with intent to commit rape was used to double his sentence under the Habitual Criminal Act. In determining whether the conviction was correctly used, the court analyzed the elements of the California crime. Justice Rogosheske concluded:

It follows that assault with intent to commit rape as defined in California is included within the crime of assault with intent to commit a felony under our code. Thus, the California crime would have been punished as a felony if committed in Minnesota * * *.

*Id.* at 444, 131 N.W.2d at 216. See also *State ex rel. White v. Tahash,* 271 Minn. 283, 136 N.W.2d 89 (1965).

Based on this analysis, the trial court should have determined whether the New Hampshire offense was included within the Minnesota offenses specified in § 609.346. If so, the conviction can be used to enhance Kornexl's sentence. In the *Lee* case quoted above, the underlying statute doubled the sentence for any prior *felonies;* in the present case, the underlying statute increases the sentence for particular prior *sex offenses,* and the offense designation as a felony or misdemeanor is not material.

Other states use a similar scheme for determining the effect of out-of-state convictions. A California statute provides for enhanced prison terms in two situations: (1) for certain violent felonies if there is a prior conviction for one of the specified violent felonies, including sodomy "by force, violence, duress, menace, or threat of great bodily harm"; and (2) any prior felonies for which a one-year prison term is served. In *People v. Hickey,* 167 Cal.Rptr. 256, 109 Cal.App.3d 426 (1980), the defendant was convicted of kidnapping, lewd conduct with a child, and oral copulation. He had a prior Ohio felony conviction for sodomy, for which he had served one year in a mental institution. The court said that "facial matching of the elements of the out-of-state legislation with those of the California statute" was required; it concluded that the elements were not similar to either (1) a violent felony, because the Ohio statute did not require proof of force, violence, etc., to sustain a sodomy conviction; or (2) any California felony, because lack of consent was a necessary element in California but not in Ohio. Therefore, the court would not allow use of the Ohio conviction to enhance the California sentence.

It is to be noted that Minnesota's broad Habitual Offender Act was later narrowed to a Dangerous Offender provision (Minn. Stat. § 609.155), which required a prior felony plus a judicial determination that the offender was dangerous to increase a sentence. This Act was also repealed, in 1978.

■ The subsequent offense statute at issue contains an even more specific description of the offenses, and nowhere does it use the word "felony." The trial court's

interpretation effectively inserts the word "felony" into the statute, as if it read "the actor has been * * * convicted under sections 609.342 to 609.346 or sections 609.364 to 609.3644 or under any similar *felony* statute of the United States, or this or any other state." In interpreting statutes, the general rule is that courts cannot supply words omitted or overlooked by the legislature. *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 184 N.W.2d 588, 594 (1971). See also *Jackson v. Northwest Airlines*, 70 F.Supp. 501, 508 (D.C.Minn.1947) ("[T]o adopt defendant's contention would add to the statute words which do not appear in it").

■ As it is, the statute is concerned with certain offenses, not with their designation as felonies or misdemeanors. The legislature could have limited the convictions to felonies, as it did in prior statutes, but it did not. Therefore, this court must look to the language of the statute on its face and analyze the New Hampshire conviction to determine whether it is an offense similar to Minn.Stat. §§ 609.342 to 609.346 or 609.364 to 609.3644.

The New Hampshire statute, RSA 632:3, under which appellant was earlier convicted, reads as follows:

I. Any person, male or female, who purposely engages in any sexual contact with another person, not his spouse, is guilty of a misdemeanor if:

(a) He knows that the contact is offensive to the other; or

(b) He knows that the other person suffers from a mental abnormality which renders him incapable of appraising the nature of his conduct; or

(c) He knows that the other person is unaware that a sexual contact is being committed; or

(d) The other person is less than fourteen years old; or

(e) He has substantially impaired the other person's power to appraise or control his conduct by administering without the other's knowledge a substance for purposes of preventing resistance.

II. Sexual contact means any touching of the sexual or other intimate parts of a person, including the female breasts and buttocks.

It would appear that a violation of the New Hampshire statute could constitute a violation of Minn.Stat. § 609.343 (Criminal Sexual Conduct in the Second Degree) or § 609.345 (Criminal Sexual Conduct in the Fourth Degree). Thus, the minimum term of imprisonment specified by Minn.Stat. § 609.346, subd. 1, is applicable and may be imposed.

## DECISION

Sentence vacated; remanded to the trial court for sentencing in accordance with Minn.Stat. § 609.346, subd. 1.