STATE of Minnesota, Respondent,

v.

Bradley Carl BROWN, Appellant.

No. C5–88–1890.

Court of Appeals of Minnesota.

Dec. 20, 1988.

Review Denied Feb. 22, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Terwedo, Scott County Atty., Kathryn A. Santelmann, Asst. Scott County Atty., Shakopee, for respondent.

Susan Andrews, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by NIERENGARTEN, P.J., and LANSING and FLEMING *, JJ., without oral argument.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of a sentence after conviction for second degree assault. The appellant contends his present conviction is not a "second or subsequent offense" involving the use of a firearm and claims he was improperly sentenced to a mandatory minimum five-year prison term. We reverse.

## FACTS

Appellant Bradley Brown fired a weapon in a gas station while trying to recover some money which purportedly had been taken from him. Brown was charged with two counts of second degree assault and one count of illegal possession of a firearm as a convicted felon. Brown pleaded guilty to one count of second degree assault.

The sentencing worksheet indicated Brown was convicted of attempted armed robbery in 1984. At the sentencing hearing, the State indicated that a shotgun was found when Brown was arrested for the 1984 offense. The State claimed Brown's present offense was his second offense involving the use of a firearm and asserted the court was required to impose a mandatory minimum five-year prison sentence under Minn.Stat. § 609.11, subd. 5 (1986). Brown argued his 1984 offense was not specifically listed in the statute which imposes mandatory minimum sentences and claimed the State failed to show that a firearm was used in the 1984 offense. Accordingly, Brown asserted the mandatory minimum three-year sentence is the appropriate sentence.

The district court concluded Brown's offense is a second offense involving the use of a firearm and sentenced Brown to the mandatory minimum five-year sentence. Brown appeals arguing his sentence must be reduced to forty-four months, the presumptive guidelines sentence.

## ISSUE

Did the court err by sentencing the appellant to a mandatory minimum five-year sentence under section 609.11, subdivision 5?

## ANALYSIS

On appeal of a sentence, the court may review the sentence imposed * * * to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the sentencing court. * * * The court may dismiss or affirm the appeal, vacate or set aside the sentence imposed * * * and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct.

Minn.R.Crim.P. 28.05, subd. 2.

Section 609.11 establishes mandatory minimum sentences for certain offenses which are committed with the use of firearms.

Any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense, used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than three years, nor more than the maximum sentence provided by law. Any defendant

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

convicted of a second or subsequent offense in which the defendant or an accomplice, at the time of the offense, used a firearm shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than five years, nor more than the maximum sentence provided by law.

Minn.Stat. § 609.11, subd. 5 (1986). Second degree assault is an offense listed in subdivision 9. *See id.* § 609.11, subd. 9. Consequently, Brown must be sentenced to a mandatory minimum five-year sentence if any of his prior offenses included the use of a firearm *and* his current offense constitutes a "second or subsequent offense" within the meaning of the criminal code.

Brown claims he was convicted in 1984 of conspiracy to commit armed robbery rather than attempted armed robbery as indicated in the sentencing worksheet. Brown asserts conspiracy crimes are not included among the offenses listed in section 609.11, subdivision 9 for which mandatory minimum sentences are imposed, and therefore argues his 1984 conviction cannot be considered for the purposes of establishing his present offense as a "second or subsequent offense" within the meaning of section 609.11, subdivision 5. We agree.

The statutory definition of "second or subsequent offense" limits the circumstances under which mandatory minimum five-year-sentences must be imposed.

"Second or subsequent violation" or "second or subsequent offense" means that prior to the commission of the violation or offense, the actor has been adjudicated guilty of a *specified* similar violation or offense.

Minn.Stat. § 609.02, subd. 11 (1986) (emphasis added).

Prior decisions dealing with enhanced sentences for "second or subsequent offenses" involved cases in which both present offenses and prior offenses were included in the list of offenses for which minimum sentences must be imposed. *See State v. Mallory,* 329 N.W.2d 60 (Minn. 1983) (burglary and aggravated robbery; prior conviction for aggravated robbery; *State v. Yant,* 376 N.W.2d 487 (Minn.Ct.

App.1985), *pet. for rev. denied* (Minn. Jan. 17, 1986) (two counts of second degree assault arose from a single incident); *see also State v. Wallace,* 327 N.W.2d 85 (Minn. 1982) (attempted first degree murder and criminal sexual conduct; prior conviction for aggravated robbery); *State v. Montjoy,* 354 N.W.2d 567 (Minn.Ct.App.1984), *aff'd,* 366 N.W.2d 103 (Minn.1985) (aggravated robbery and kidnapping; prior convictions for aggravated robbery). Language in a 1984 supreme court decision suggests a current offense is not a "second or subsequent offense" unless the prior offense also was an offense listed in section 609.11, subdivision 9. *See State v. Higginbotham,* 348 N.W.2d 327, 329 (Minn.1984) (the defendant was subject to a minimum five-year prison term under Minn.Stat. § 609.11, subd. 5, "this being his second conviction of one of the offenses listed in subdivision 9 while armed with a firearm").

Under section 609.02, subdivision 11, a defendant's present offense is a "second or subsequent offense" if the defendant previously "has been adjudicated guilty of a *specified similar* violation or offense." *See* Minn.Stat. § 609.02, subd. 11 (emphasis added). The terms "specified" and "similar" appear to be at variance with each other. Arguably, the term "similar" suggests the prior offense need not be one of the offenses specified in subdivision 9, but only need be a similar offense in which a firearm was used. However, the legislature's use of the term "specified" indicates the prior offense must be one of the applicable offenses listed in section 609.11, subdivision 9 before the present offense constitutes a "second or subsequent offense" under subdivision 5. *Cf. State v. Kornexl,* 351 N.W.2d 26, 28 (Minn.Ct.App.1984) (the definition of "second or subsequent offense" "allow[s] the underlying statute to define the type of offense or violation and the sanction that will result"); *Higginbotham,* 348 N.W.2d at 329 (the defendant's present offense was "his second conviction of one of the offenses listed in subdivision 9 while armed with a firearm"); *State v. Gilbert,* 262 N.W.2d 334, 339 (Minn.1977) (imposition of a minimum sentence under Minn.Stat. § 609.11, subd. 1

(1974) was improper because the defendant's offense was not among the enumerated offenses for which mandatory minimum sentences could be imposed).

If there is any ambiguity in the sentencing statute, this court must interpret the statute in favor of Brown because the courts must strictly construe penal statutes and resolve all reasonable doubts about legislative intent in favor of the defendant. *See State v. Haas*, 280 Minn. 197, 200, 159 N.W.2d 118, 121 (1968); *see also State v. Olson*, 325 N.W.2d 13, 19 (Minn.1982) (construing Minn.Stat. § 609.11 subd. 8).

> We believe that in the area of minimum and extended sentences the legislature has an obligation to state its intentions as clearly as possible. When it cannot be said with certainty that the legislature intended to authorize the imposition of a minimum term or an extended term in a particular situation, the presumption must be that the legislature did not intend to do so. This follows partly from the general rule of certainty as to criminal statutes, which is that criminal statutes must be sufficiently clear and definite to inform a person of ordinary intelligence what conduct is punishable and how severe the punishment might be.

*State v. Simmons*, 258 N.W.2d 908, 910 (Minn.1977).

A defendant must be sentenced to the minimum sentences under section 609.11, subdivision 5 if the defendant's offenses were a specified applicable offense or if the defendant was convicted of attempting to commit any of the applicable offenses. *See* Minn.Stat. § 609.11, subd. 9 (the crimes for which mandatory minimum sentences must be served also include "any attempt to commit any of [the specified] offenses"). An attempt to commit a crime and conspiracy to commit a crime are separate offenses. *See* Minn.Stat. § 609.17 (1986) (attempt to commit a crime); Minn.Stat. § 609.175 (1986) (conspiracy to commit a crime). The sentencing worksheet for Brown is incorrect insofar as it shows Brown was convicted in 1984 of attempted armed robbery. The transcript of Brown's 1984 guilty plea and the 1984 sentencing order show Brown was convicted in November 1984 of conspiracy to commit aggravated robbery rather than attempted armed robbery. Since Brown's prior offense was neither a "specified similar" offense nor an "attempt to commit any of [the specified] offenses," his prior conviction for conspiracy to commit aggravated robbery cannot be used to establish his present offense as a "second or subsequent offense" within the meaning of the criminal code, even though the conspiracy offense included the use of a firearm.

## DECISION

The district court erred by concluding the appellant's current offense is a "second or subsequent offense" involving the use of a firearm, and by sentencing the appellant to a mandatory minimum five-year prison term. The appellant's current offense involving the use of a firearm is not a "second or subsequent offense" within the meaning of Minn.Stat. §§ 609.02, subd. 11, 609.11, subd. 5 (1986) because the appellant's 1984 conviction of conspiracy to commit armed robbery is not a "specified" offense listed in Minn.Stat. § 609.11, subd. 9 (1986).

The district court is directed to enter a forty-four month executed sentence, the presumptive sentence under the sentencing guidelines. *See* Sentencing Guidelines II. E, IV; Minn.Stat. § 609.11, subd. 5 (1986).

REVERSED.